Argued and submitted July 11, 1984, reversed and remanded February 12, 1985

# LAKE OSWEGO REVIEW, INC.,
*Petitioner on Review,*

*v.*

# STEINKAMP,
*Respondent on Review.*

## (CV 82-7052; CA A28122; SC S30556)

695 P2d 565

Stuart O. Kendall, Lake Oswego, argued the cause and filed the brief for petitioner on review.

Robert Lohman, West Linn, argued the cause and filed the brief for respondent on review.

CAMPBELL, J.

## CAMPBELL, J.

This case presents an issue of first impression under the Oregon Rules of Civil Procedure. The issue is whether service of summons on an individual by certified mail, return receipt requested (restricted delivery), is valid service pursuant to ORCP 7. We hold that, under the facts of this case, it is.

Plaintiff mailed the summons and complaint to defendant at a particular address, certified, return receipt requested (restricted delivery). The letter carrier, who knew defendant, delivered the letter to defendant at a different address and had him sign for it. Plaintiff's proof of service recounted the above. The return receipt was attached. On January 17, 1983, a default judgment was entered against defendant. On defendant's motion, the judgment was set aside. The Court of Appeals affirmed, and held that the trial court lacked personal jurisdiction over defendant because the service did not comport with ORCP 7D. 67 Or App 197, 677 P2d 751 (1984). Rossman, J., dissented.

Numerous provisions of ORCP 7 are important to the resolution of this issue. They are:

"D.(1)    Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. Summons may be served in a manner specified in this rule or by any other rule or statute on the defendant or upon an agent authorized by appointment or law to accept service of summons for the defendant. Service may be made, subject to the restrictions and requirements of this rule, by the following methods: personal service of summons upon defendant or an agent of defendant authorized to receive process; substituted service by leaving a copy of summons and complaint at a person's dwelling house or usual place of abode; office service by leaving with a person who is apparently in charge of an office; service by mail; or, service by publication.

"D.(2)(a)    Personal service may be made by delivery of a true copy of the summons and a true copy of the complaint to the person to be served.

"* * * * *

"D.(2)(d)   Service by mail, when required or allowed by this rule, shall be made by mailing a true copy of the summons and a true copy of the complaint to the defendant by certified or registered mail, return receipt requested. For the purpose of computing any period of time prescribed or allowed by these rules, service by mail shall be complete three days after such mailing if the address to which it was mailed is within this state and seven days after mailing if the address to which it is mailed is outside this state.

"D.(3)   Service may be made upon specified defendants as follows:

"D.(3)(a)(i)   Upon an individual defendant, by personal service upon such defendant or an agent authorized by appointment or law to receive service of summons or, if defendant personally cannot be found at defendant's dwelling house or usual place of abode, then by substituted service or by office service upon such defendant or an agent authorized by appointment or law to receive service of summons.

"* * * * *

"E.   A summons may be served by any competent person 18 years of age or older who is a resident of the state where service is made or of this state and is not a party to the action nor an officer, director, or employee of, nor attorney for, any party, corporate or otherwise. * * *

"* * * * *

"F.(4)   If summons has been properly served, failure to make or file a proper proof of service shall not affect the validity of the service.

"G.   Failure to comply with provisions of this rule relating to the form of summons, issuance of summons, and the person who may serve summons shall not affect the validity of service of summons or the existence of jurisdiction over the person, if the court determines that the defendant received actual notice of the substance and pendency of the action. The court may allow amendment to a summons, or affidavit or certificate of service of summons, and shall disregard any error in the content of or service of summons that does not materially prejudice the substantive rights of the party against whom summons was issued."

The legislative history of this Rule is lengthy, and not without contradiction. We find the plainest statement of intent was made to the legislature by the Council on Court Procedures, who drafted the Rule. They stated:

"The objective of the Council in Rule 7 is to reduce archaic and technical requirements related to service of summons while achieving the important objective of adequate notice to the defendant through service of summons.

"To achieve this objective the Council took several steps. First, the rule does not specify rigid methods of service of summons. It specifies a standard of adequate service in [the first sentence of] Section 4D. * * *

"This language is the constitutional standard of adequate notice. *Mullane v. Hanover Trust Co.,* 339 US 306 (1950). Summons may then be served in any manner specifically described. But the rule does not absolutely require service to be by the specifically described methods. In certain circumstances other methods of service could provide adequate notice. The specifically described methods, however, would be presumed to provide adequate notice and were included to provide some reasonable guidance to attorneys and judges. Secondly, the Council included section 7 G. and subsection 7 F.(4), which provide that defects in the form of summons and return and the person serving summons do not invalidate service, provided that the basic standard of adequate notice is met. Under this rule, a body of old irrational case law, invalidating perfectly reasonable summons due to over-technical application of the summons statutes, is rejected. Lacy, Personal Jurisdiction and Service of Summons after *Shaffer v. Heitner,* 57 OLR 505 (1978)."

Summary of Rules: Council on Court Procedures - Rules 1 through 10, p 6, Exhibit A, House Judiciary Committee, H.B. 3131, 1979. We rarely find a more brutally frank manifestation of the intention of the drafters of a piece of legislation.

This language is reinforced by the "Staff Comment" to the Rule. It states:

"The basic standards of adequacy of service of summons is set forth in the first sentence of ORCP 7D.(1). Succeeding portions of the rule provide ways in which service may be made and how these ways may be used for particular defendants, including conditional preferences. The particular methods, however, are methods which *may* be used. The rule does not require them to be used. Compliance with the specified methods of service is presumed to be service reasonably calculated, under all the circumstances, to apprise the defendant of the pendency of the action and to afford a reasonable opportunity to appear and defend. Other methods of service might accomplish the same thing."

Council on Court Procedures, Staff Comment to Rule 7, *reprinted in* F. Merrill, Oregon Rules of Civil Procedure: 1984 Handbook 22-23 (1984). (Emphasis in original.)[1]

■      Commentary on Rule 7 appears contradictory at first blush. For example, Professor Merrill states that:

> "ORCP 7D.(2), describing methods of service, does not authorize use of all described methods against all defendants and in all cases. Use of the different methods in a particular case is governed by section Section 7D.(3) and (4). Thus, although mail service is described, it is only available as an alternative method of service upon a corporation or for service in motor vehicle cases. ORCP 7D.(3)(d)(ii) and 7D.(4). * * *
>
> "* * * * *
>
> "For individuals, the preferred method of service is personal service upon defendant or an agent for service of summons. If defendant cannot be found at defendant's dwelling house or usual place of abode, then either office or substituted service is authorized. ORCP 7D.(3)(a)."

Merrill, *Jurisdiction Over Parties; Service of Summons (Rules 4-7), reprinted in* Oregon Law Institute, Oregon Civil Procedure Rules 1980, at 237 (1979). However, this same piece contains the following explanation for the existence of Rule 7D.(2)-(4):

> "Why then, with a non-technical approach, is Rule 7 one of the longest and most complex of the new ORCP? The answer is that a vague constitutional standard is of limited utility to a party seeking to serve summons who faces a time limitation. * * * Following the specified service methods gives some assurance of validity of the service. This, of course, provides a substantial motive to use the specified methods.

---

[1] The source of the above comments may be the minutes of the meeting of the Council on Court Procedures held on November 18, 1978 with Justice Lent presiding.

"Upon motion of Randolph Slocum, seconded by Judge Sloper, the Council directed that the comment to ORCP 7 make clear that the basic test of adequate service of summons is that which is set forth in the first sentence of ORCP 7D.(1) and that the specific methods of service as applied to particular defendants in the rule would be service which is presumed to be reasonably calculated to apprise the defendant of the existence and pendency of the action. The comment should also make clear that other service methods could under some circumstances satisfy the basic standard. Judge Tompkins voted against the motion."

Minutes of the Meeting of November 18, 1978, p 3, *reprinted in* Council on Court Procedures, Legislative History, Promulgation of Oregon Rules of Civil Procedure, Vol 1 (1979).

> The key difference from the former statutes is that, when a defendant actually does get notice, defects in form of summons or method of service of summons do not invalidate service. A defendant who received actual notice can hardly assert that summons was not served by a manner calculated to give notice. * * *"

Merrill, *supra,* at 236. It is only after making this statement that the author explains specific sections. In that context, we understand the explanation of sections 7D.(2)-(4) more clearly. These sections provide plaintiff with detailed information regarding service of summons on particular defendants in particular circumstances. The cautious plaintiff (or perhaps the plaintiff with much at stake) will follow the method prescribed for the circumstances involved and the type of defendant being served. This is a far cry from reading ORCP 7D.(2)-(4) to require compliance with the particularized methods and manners of service in every case. Indeed, we are expressly told in the text of the Rule, the "legislative history" and the commentary that the specified methods are not required, but merely advisory. There is nothing, other than an out-of-context intepretation of certain statements explaining Rule 7, to support the erroneous conclusion that mail service on individual defendants is prohibited *per se.*

Service by mail on individual defendants is not presumptively adequate notice under ORCP 7. If it were, this inquiry would be at an end, for there is nothing in this record to overcome such a presumption. Under the facts of this case, the inquiry is slightly more difficult. Defendant does not claim that the service accomplished was not "reasonably calculated" to notify him of the action, but only that plaintiff did not use one of the methods of service specifically described for service on individuals.

■ ■  The Rule states that the service "shall" meet the federal due process standard and that it "may" be accomplished in numerous specified ways. ORCP 7D. The Rule provides that mail service "shall" be made as specified, but that is not at issue in this case. ORCP 7D.(2)(d). In ORCP 7F.(4) and 7G. the word "shall" is again used. The Rule's contrasting usage of the words "shall" and "may" is too conspicuous to be ignored. Compliance with methods or manners of service which are preceded by the word "may" is not required. The methods of service listed in ORCP 7D.(2)-(4)

are not exclusive of other methods of service reasonably calculated to apprise defendant of the action.

■ ■ The service accomplished in this case is different than the "service by mail" illustrated in ORCP 7D.(2)(d). The statutory service by mail requires only that the summons and complaint be sent by certified or registered mail, return receipt requested. Such a letter may be signed for by someone other than the addressee. However, where certified mail, return receipt requested (restricted delivery) is used, the letter must be signed for by the addressee. Unless the summons and complaint are returned by the post office as undeliverable, restricted delivery mail addressed to an individual defendant is more likely to result in adequate notice than is the "service by mail" of ORCP 7D.(2)(d).

■ ■ ORCP 7 does not require that actual notice be provided defendant by plaintiff. There is no indication in the Rule or its legislative history to that effect. The Rule requires adequate notice. Defendant received an envelope containing the summons and complaint. It was hand-delivered to him, and he signed for it. Not only was the service accomplished in this case "reasonably calculated * * * to apprise the defendant * * * of the action," it did everything possible to do so short of reading the summons and complaint to defendant. Defendant received adequate notice.

■ Defendant's argument is that plaintiff did not provide him with a method of service statutorily provided for service on individuals. *See* ORCP 7D.(3)(a)(i). That may be so, but is insufficient under ORCP 7 to invalidate the service. ORCP 7G. specifically provides that courts "shall disregard any error in the content of or service of summons that does not materially prejudice the substantive right of the party against whom summons was issued."[2] Defendant has not shown such

---

[2] Rule 7G. does not restate the same standard in two ways. It contains two standards. As explained by Professor Merrill:

"ORCP 7G. provides that, if a defendant actually received notice, defects in form, issuance of, and person serving summons do not invalidate service. ORCP 7G. also provides that the summons or certificate of service may be amended and the court 'shall disregard any error in the content of or service of summons that does not materially prejudice the substantive rights of the party against whom the summons was issued.' "

Merrill, *Jurisdiction Over Parties; Service of Summons (Rules 4-7), reprinted in*

material prejudice on this record. He received an envelope in the same manner as if he had been personally served by someone other than a letter carrier. He would not have been more "apprise[d]" of the action had technical compliance with ORCP 7D.(3)(a)(i) been accomplished.[3]

The decision of the Court of Appeals is reversed and the case is remanded to the district court.

---

Oregon Law Institute, Oregon Rules of Civil Procedure 1980, at 235 (1979). The first standard is used when the question involves the form, issuance of, or person serving summons. The second standard applies to questions, like the one in the instant case, involving the content or service of summons. These two groupings are not the same.

[3] Because we resolve the issue in favor of plaintiff, we do not reach plaintiff's alternative allegation that defendant received actual notice.