Argued and submitted March 15, reversed and remanded June 26, 1985

KORGAN et ux,
*Appellants,*

*v.*

GANTENBEIN,
*Respondent.*

(A8211-07151; CA A30891)

702 P2d 427

Magar E. Magar, Portland, argued the cause and filed the brief for appellants.

G. Kenneth Shiroishi, Portland, argued the cause for respondent. With him on the brief was Dunn, Carney, Allen, Higgins & Tongue, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiffs brought this action to recover damages for defendant's alleged legal malpractice. The trial court dismissed plaintiffs' second amended complaint on defendant's motion under ORCP 21A(9) on the ground that the action was not commenced within the applicable period of limitations. Plaintiffs appeal.

■ The parties agree that plaintiffs' cause of action accrued on December 1, 1980. An action for legal malpractice must be commenced within two years of its accrual. ORS 12.110(1); *U.S. Nat'l Bank v. Davies,* 274 Or 663, 665-66, 548 P2d 966 (1976). Plaintiffs filed their complaint on November 19, 1982. On December 10, 1982, a copy of the summons and complaint was delivered to Mary Ann Gantenbein, a person over 14 years of age, who resided at defendant's dwelling. Defendant conceded in his brief that his attorney communicated with plaintiffs' attorney by a letter written December 23, 1982, with regard to an extension of time to appear. On February 1, 1983, defendant filed a motion to dismiss. On February 8, 1983, plaintiffs mailed a copy of the summons and complaint to defendant at his residence.

Plaintiffs' first complaint was dismissed on March 30, 1983, for lack of jurisdiction over defendant, based on the ground of insufficiency of the service of process. No final judgment was entered. The court subsequently allowed plaintiffs to file two amended complaints. The court dismissed plaintiffs' second amended complaint on the ground that the action was not properly commenced within the period of limitations. The court held specifically that plaintiffs failed "to perfect filing and service within the time limited by the statute * * *."

The second amended complaint relates back to the date of the original pleading. ORCP 23C. In order to determine if the action was commenced timely, we consider the filing and service of the original summons and complaint.

The original complaint was filed on November 19, 1982, within two years of the accrual of plaintiffs' cause of action. ORS 12.020 applies to determine when an action is commenced for the purpose of statutes of limitation:

"(1)  Except as provided in subsection (2) of this section,

for the purpose of determining whether an action has been commenced within the time limited, an action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on him, or on a codefendant who is a joint contractor, or otherwise united in interest with him.

"(2) If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdicton shall be deemed to have been commenced upon the date on which the complaint in the action was filed."

The issue in this case is whether the court acquired jurisdiction over defendant by the substituted service on December 10, 1982, or whether mailing of the summons and complaint to defendant was also necessary to the court's acquiring jurisdiction.[1] If the substituted service was sufficient, the action was commenced timely, because that service was made after the Statute of Limitations had run but within 60 days of the filing of the complaint. If the mailing of the complaint was also necessary, the action was not commenced timely, because that occurred more than 60 days after the filing of the complaint.

ORCP 4 provides that a court acquires jurisdiction over a party served pursuant to ORCP 7. The following parts of ORCP 7 are relevant to this inquiry:

"D.(1) Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. Summons may be served in a manner specified in this rule or by any other rule or statute on the defendant or upon an agent authorized by appointment or law to accept service of summons for the defendant. Service may be made, subject to the restrictions and requirements of this rule, by the following methods: personal service of summons upon defendant or an agent of defendant authorized to receive process; substituted service by leaving a copy of summons and complaint at a person's dwelling house or usual

---

[1] The only relevant time period in this appeal is that prescribed for the commencement of a cause of action. ORS 12.020. We are not concerned with any time period prescribed by ORCP.

place of abode; office service by leaving with a person who is apparently in charge of an office; service by mail; or, service by publication.

"* * * * *

"D.(2)(b)   Substituted service may be made by delivering a true copy of the summons and complaint at the dwelling house or usual place of abode of the person to be served, to any person over 14 years of age residing in the dwelling house or usual place of abode of the person to be served. Where substituted service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed a true copy of the summons and complaint to the defendant at defendant's dwelling house or usual place of abode, together with a statement of the date, time, and place at which substituted service was made. *For the purpose of computing any period of time prescribed or allowed by these rules, substituted service shall be complete upon such mailing.*

"* * * * *

"G.   Failure to comply with provisions of this rule relating to the form of summons, issuance of summons, and the person who may serve summons shall not affect the validity of service of summons or the existence of jurisdiction over the person, if the court determines that the defendant received actual notice of the substance and pendency of the action. The court may allow amendment to a summons, or affidavit or certificate of service of summons, *and shall disregard any error in the content of or service of summons that does not materially prejudice the substantive rights of the party against whom summons was issued.*" (Emphasis supplied.)

■ ■   Defendant argues that plaintiffs, having elected to make substituted service, were bound to comply with the delivery and mailing requirements of ORCP 7D(2)(b) before service was completed and jurisdiction over defendant attached. We do not agree. We conclude that the court acquires jurisdiction over a defendant when the summons and complaint are left with a person over 14 living at defendant's usual place of abode. The emphasized provision of ORCP 7D(2)(b) applies to time periods provided in ORCP and does not apply to time periods provided elsewhere. In particular, it has no application to the time periods found in ORS 12.110.[2]

---

[2] The final sentence of ORCP 7D(2)(b) provides that substituted service is complete upon the mailing of summons and complaint "[f]or the purpose of computing any period of time *prescribed or allowed by these rules* * * *." (Emphasis supplied.) Mailing of the summons and complaint would be necessary under this language for an application for a default judgment under ORCP 69, for example.

The Supreme Court recently has made it clear that the only mandatory provision of ORCP 7D is that summons shall be served in any manner reasonably calculated to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to defend. *Lake Oswego Review v. Steinkamp,* 298 Or 607, 695 P2d 565 (1985). The particular methods of service described in ORCP 7D are permissive and nonexclusive. Technical errors in service, such as failure to comply with one of the specified procedures, are disregarded if they do not materially prejudice the rights of the party served. ORCP 7G. Moreover, a method of service not specifically described in ORCP 7D(2) may be valid and sufficient for a court to acquire jurisdiction over a party if it is adequate to apprise the defendant of the pendency of the action. *Lake Oswego Review v. Steinkamp, supra.*

■      In this case, defendant conceded that he had actual notice of the action and that he had retained an attorney to represent him by December 23, 1982. Because defendant received actual notice of the action from plaintiffs' service, he cannot be heard to complain that the incomplete substituted service without the mailed notice was not reasonably calculated to apprise him of the pendency of the action and to afford him a reasonable opportunity to defend. The court acquired jurisdiction over defendant in the circumstances of this case by the substituted service on December 10, 1982. Because that service occurred within 60 days after the filing of the complaint, the action was commenced timely on November 19, 1982, when the complaint was filed. ORS 12.020(2). For this reason, the trial court erred in granting defendant's motion to dismiss the action as not timely commenced.[3]

Reversed and remanded.

---

[3] Because we reach this result, we need not address plaintiffs' second contention that defendant is estopped from insisting on compliance with the mailing requirement of ORCP 7D(2)(b).