JORDAN,
*Appellant,*

*v.*

WISER,
*Respondent.*

(A8206-03788; CA A32450)

709 P2d 1140

In Banc

Robert Wollheim, Portland, argued the cause for appellant. On the brief were James S. Coon, and Welch, Bruun and Green, Portland.

Linda M. Seluzicki, Portland, argued the cause for

respondent. On the brief were Frank V. Langfitt, III, Rick T. Haselton, and Lindsay, Hart, Neil & Weigler, Portland.

ROSSMAN, J.

Buttler, J., dissenting.

ROSSMAN, J.

Plaintiff[1] appeals from a judgment against her which was entered because of her failure to effect service on defendant before the Statute of Limitations had run. We reverse and remand.

On October 26, 1980, plaintiff and Gwenda Jordan were involved in an automobile collision with Wiser (defendant). Plaintiff, in her individual capacity and as guardian ad litem for Gwenda, filed this action against defendant, as the driver, and his mother, as the owner, of the other vehicle. On September 29, 1982, just before the two-year Statute of Limitations would have run on plaintiff's individual claim, defendant's mother was personally served with a copy of the summons and complaint at her mailing address in Oregon City. The process server asked her whether defendant lived in her house and, when she said that defendant lived with his wife in Washington, the process server left an extra copy of the summons and complaint with the mother in an apparent attempt at substituted service of defendant under ORCP 7D(2)(b).[2] Proofs of service were filed for defendant and his mother. Although plaintiff had been informed by the Post Office and Motor Vehicles Division that the Oregon City address was a valid one for defendant, it is undisputed that he was residing with his wife in Washington at the time.

Shortly after defendant's mother was served, she phoned him and explained that she had been served with papers regarding the collision and that some of the papers were for him. In early October, she took the papers to

---

[1] Although technically there are two plaintiffs, this appeal involves Elizabeth Jordan in her individual capacity only, and we will refer to plaintiff in the singular. Following dismissal of her claims against defendant, judgment was entered in compliance with ORCP 67(B).

[2] ORCP 7D(2)(b) provides:

"Substituted service may be made by delivering a true copy of the summons and complaint at the dwelling house or usual place of abode of the person to be served, to any person over 14 years of age residing in the dwelling house or usual place of abode of the person to be served. Where substituted service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed a true copy of the summons and complaint to the defendant at defendant's dwelling house or usual place of abode, together with a statement of the date, time, and place at which substituted service was made. For the purpose of computing any period of time prescribed or allowed by these rules, substituted service shall be complete upon such mailing."

defendant's home in Washington, where she attempted to deliver them to him. It is not clear whether he refused even to touch the papers or simply threw them on the ground when they were handed to him. In any event, defendant denies having read them, although he concedes that his insurer had notified him before September of the pendency of the action.

In August, 1983, defendant and his mother filed a motion for summary judgment in two parts: (1) on behalf of defendant against plaintiff in her individual capacity, based on lack of jurisdiction for want of service of process before the running of the Statute of Limitations, and (2) on behalf of defendant's mother against plaintiff in her individual capacity and as guardian ad litem for Gwenda, based on the absence of any issue of material fact regarding mother's liability under the family purpose doctrine. Part 2 of the motion was allowed and is not challenged on appeal. Part 1 was denied. However, an order was entered bifurcating trial so that the issues of jurisdiction, sufficiency of service and the Statute of Limitations could be tried separately, before trial on the merits.

After the jurisdictional hearing, the trial court ruled that the purported substituted service of defendant was invalid, because plaintiff had not complied with ORCP 7D(2)(b), and dismissed plaintiff's individual action against defendant for lack of personal jurisdiction.[3]

Plaintiff moved for reconsideration, contending, for the first time, that mother, on behalf of plaintiff, had effected personal service on her son when she delivered the summons and complaint to him in Washington. The trial judge considered and rejected plaintiff's new theory:

"My view of the evidence has not changed since I ruled last November. I do not feel Mr. Wiser properly was served under the applicable rules and statutes. Although Mr. Wiser may have had actual notice in the sense he was aware of a pending action against him, this is insufficient under Oregon law.

"Moreover, I am not persuaded that Mrs. Jones visited her son Mr. Wiser sometime in October of 1982 with the intent to

---

[3] Plaintiff's action as guardian ad litem for her daughter is pending. Defendant was served again in January, 1983, at his home in Washington. The validity of that service has not been challenged. Although the Statute of Limitations on plaintiff's individual claim would have elapsed by that time, it had not for her daughter, because the limitation is extended under ORS 12.160 for actions by minors.

serve him with the summons and complaint. Plaintiff has not met her burden on this issue."

On appeal, plaintiff does not rely on substituted service; she relies solely on the theory that defendant was served by his mother. Plaintiff concedes that defendant was not served by any of the methods described in ORCP 7D; but she contends that defendant was served and had actual notice of the action against him and that, therefore, the service was valid.

Defendant does not dispute that he had actual notice of the action against him or that his mother placed the summons and complaint within his grasp. Further, he does not claim that he was prejudiced by the method in which he received notice. Nevertheless, he contends that the notice was inadequate because (1) his mother, a party to the action[4] and certainly not plaintiff's agent, delivered the summons and complaint and that does not constitute "service" under ORCP 7D, and (2) even assuming that he was served by his mother, she did not return the summons and file it with a proof of service, as required by ORCP 7F(1).[5]

■ We agree with plaintiff's contention. As a prerequisite to the exercise of personal jurisdiction, it must be shown that defendant had adequate notice of the proceedings. *Mullane v. Hanover Trust Co.,* 339 US 306, 70 S Ct 652, 94 L Ed 865 (1950). Under ORCP 7, that requirement is satisfied by meeting the constitutional standard stated in *Mullane* and set out in the first sentence of ORCP 7D(1):

"Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to defend. * * *"

Compliance with the particular methods of service that follow the basic standard in ORCP 7D(1), *see* ORCP 7D(2) through

---

[4] ORCP 7E provides, in part:

"A summons may be served by any competent person 18 years of age or older who * * * is not a party to the action * * *."

[5] ORCP 7F(1) provides, in part:

"The summons shall be promptly returned so the clerk with whom the complaint is filed with proof of service or mailing * * *."

(6), is not mandatory; compliance merely provides a presumption that the basic standard was met. *Lake Oswego Review v. Steinkamp,* 298 Or 607, 695 P2d 565 (1985).

The basic standard of adequate notice in ORCP 7D(1) does not presume actual notice but, in fact, is based on the premise that a defendant may not receive actual notice of the action. *Lake Oswego Review v. Steinkamp, supra,* 298 Or at 614. Therefore, the question of whether service was reasonably calculated to apprise a defendant of the action is usually determined from the perspective of the plaintiff. However, the requirement of adequate notice may also be satisfied by showing that the defendant was served and received actual notice of the substance and pendency of the action. ORCP 7G;[6] *Lake Oswego Review v. Steinkamp, supra,* 298 Or at 614-15; *Korgan v. Gantenbein,* 74 Or App 154, 702 P2d 427 (1985). Then the inquiry, in a sense, is reversed; the question of whether service was reasonably calculated to apprise defendant of the action is determined from the perspective of the defendant.

In *Lake Oswego Review v. Steinkamp, supra,* 298 Or at 613, the Supreme Court quoted with approval a commentary on Rule 7 which reflects this "reversed" inquiry.

" '* * * A defendant who received actual notice can hardly assert that summons was not served by a manner calculated to give notice.' " Merrill, *Jurisdiction Over Parties; Service of Summons (Rules 4-7), reprinted in* Oregon Law Institute, Oregon Civil Procedure Rules 1980 at 237 (1979).

We said the same thing in *Korgan v. Gantenbein, supra,* 74 Or App at 159:

"In this case, defendant conceded that he had actual notice of the action * * *. Because defendant received actual notice of the action from plaintiffs' service, he cannot be

---

[6] ORCP 7G provides:

"Failure to comply with provisions of this rule relating to the form of summons, issuance of summons, and the person who may serve summons shall not affect the validity of service of summons or the existence of jurisdiction over the person, if the court determines that the defendant received actual notice of the substance and pendency of the action. The court may allow amendment to a summons, or affidavit or certificate of service of summons, and shall disregard any error in the content of or service of summons that does not materially prejudice the substantive rights of the party against whom summons was issued."

heard to complain that the * * * service * * * was not reasonably calculated to apprise him of the pendency of the action and to afford him a reasonable opportunity to defend."

That proposition is sound, because a defendant who received actual notice of the action can make no due process claim. *See National Equip. Rental, Ltd. v. Stukhert,* 375 US 311, 315, 84 S Ct 411, 11 L Ed 2d 354 (1964); ("Since the respondents did in fact receive complete and timely notice of the lawsuit pending against them, no due process claim has been made.") In sum, actual notice satisfies the basic standard of adequate notice set out in ORCP 7D(1), regardless of the method used.[7]

Because defendant concedes that he had actual notice of the action, the primary issue is whether he was "served" within the meaning of ORCP 7D.[8]

It is undisputed that defendant's mother attempted to deliver the summons and complaint to him. She would have succeeded but for his refusal to accept. However, an actual in-hand delivery is not required; a defendant may not defeat service merely by refusing to accept delivery. *Business and Prof. Adj. Co. v. Baker,* 62 Or App 237, 240, 659 P2d 1025 (1983). Because we are concerned with the adequacy of notice, not the method of service, we conclude that it is irrelevant that the mother was a codefendant and was not plaintiff's agent. *See* ORCP 7G (person who serves summons shall not affect validity of service if defendant received actual notice). We hold that there was service on defendant.

Defendant also contends that, even if he was served by his mother, that service was inadequate, because the summons was not returned along with a proof of service, as required by ORCP 7F(1). However, we believe that ORCP 7G excuses those defects if, as in this case, service can be otherwise proved, defendant received actual notice and has not been prejudiced by the method of service. Moreover,

---

[7] This inquiry does not involve the logical fallacy of *post hoc ergo propter hoc,* as the dissent asserts, because it does not suggest that the legal conclusion, adequate notice, is either temporally or causally related to the fact of actual notice. There is no logical relationship at all between the two; actual notice is adequate notice.

[8] ORCP 7D requires service of summons, even though actual notice does not need to be based on service to satisfy due process. *See National Equip. Rental, Ltd. v. Stukhert, supra,* 375 US at 315. Service is necessary to require a defendant to appear within 30 days, ORCP 7C(2), and to satisfy the statutes of limitations. ORS 12.020.

ORCP 7F(4) can be read to excuse a complete failure to file a return, so long as service is otherwise proper. That subsection provides:

> "If summons has been properly served, failure to make or file a proper proof of service shall not affect the validity of the service."

As we understand the rules, service is proper if performed in a manner reasonably calculated to apprise a defendant of the pendency of the action. ORCP 7D(1); *Lake Oswego Review v. Steinkamp, supra.* Because the method used here resulted in actual notice, service was proper. Accordingly, the lack of a proof of service does not affect its validity.[9]

Reversed and remanded.

**BUTTLER, J.,** dissenting.

Perhaps *Lake Oswego Review v. Steinkamp,* 298 Or 607, 695 P2d 565 (1985), requires the result reached by the majority. However, I do not think that it does. The majority's reading of that case appears to be that, so long as the defendant receives actual notice of the pending action, the "service" must have been "reasonably calculated" to apprise him of that fact (ORCP 7D(1)); therefore, it complies with the broad interpretation of the rule adopted by the court.

That proposition involves a *post hoc ergo propter hoc* argument, which, if correct, does away with ORCP 7, one of the longest (14 pages) and most detailed of the new rules. Notwithstanding the most liberal reading of that rule, there must be a service of the summons and complaint on the defendant, and that service must be reasonably calculated to apprise the defendant of the pendency of the action. Here, there was no service by plaintiff on defendant; at best, there was an attempted substituted service without any basis for attempting it, because defendant's mother's house was not

---

[9] The dissent contends that plaintiff's failure to file a proof of personal service is fatal, because there is no other proof in the record concerning whether or when defendant was served. That contention is incorrect. Defendant's mother testified that, on the first or second weekend after September 29, 1982, the date she was served, she handed the summons and complaint to her son at his home in Prescott, Washington. Furthermore, there was proof of service filed after the attempted substituted service of defendant. Of course, that document is incorrect, but under ORCP 7G a court may allow an amendment of the document and must disregard any error that does not materially prejudice the substantive rights of defendant.

defendant's "dwelling or usual place of abode," ORCP 7D(2)(b); defendant lived in Washington with his wife. The evidence is that the process server, after learning that fact, left an extra copy of the summons and complaint with defendant's mother. A certificate of service was filed stating that substituted service was made on defendant by leaving a copy of the summons and complaint at his usual place of abode, his mother's house; it also stated that copies of those documents were mailed to defendant at that address.

On appeal, plaintiff does not rely on substituted service; she relies solely on the argument that defendant was personally served by his mother, a codefendant. There is no evidence that the mother was plaintiff's agent or that of the process server; the process server did not instruct or ask the mother to serve defendant. There is no return of service on defendant filed by defendant's mother. The record made at the jurisdictional hearing shows that the mother was personally served on September 29, 1982, and that, within a week or two thereafter, she called her son in Washington and told him that she had been served in the action and that, shortly thereafter, she took the papers to him. The trial court found that, when defendant's mother visited him, she did not do so with the intention of serving him with process.

I would hold that those facts do not constitute service of the summons and complaint on defendant and that, even if they did, that method of service was not reasonably calculated to apprise defendant of the pendency of the action against him. If either of those propositions is correct, then it makes no difference that defendant received actual notice. If actual notice is the only test, then the language of ORCP 7D(1)[1] on

---

[1]ORCP 7D(1) provides:

"Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. Summons may be served in a manner specified in this rule or by any other rule or statute on the defendant or upon an agent authorized by appointment or law to accept service of summons for the defendant. Service may be made, subject to the restrictions and requirements of this rule, by the following methods: personal service of summons upon defendant or an agent of defendant authorized to receive process; substituted service by leaving a copy of summons and complaint at a person's dwelling house or usual place of abode; office service by leaving with a person who is apparently in charge of an office; service by mail; or, service by publication."

which the court relied in *Lake Oswego Review v. Steinkamp, supra,* is rendered meaningless, along with the rest of that rule.

The majority agrees with plaintiff that, "even though ORCP 7 was not followed to the letter," we should disregard technical defects and find that service was adequate. The problem is that there was *no* compliance with the rule, and the majority points to none—other than defendant's having received actual notice. The majority excuses the mother's failure to file proof of service, apparently agreeing with plaintiff that ORCP 7F(4) permits us to do so. That subsection provides:

> "If summons has been properly served, failure to make or file a proper proof of service shall not affect the validity of the service."

Although ORCP 7G permits the court to overlook the fact that the service relied on was made, if at all, by a party (ORCP 7E), ORCP 7F(4) is predicated on the defendant's having been "properly served" and there being *some* proof of service filed. Plaintiff contends that that provision excuses the filing of *any* return, not just a "proper" return, if service is otherwise proper, and that service here was proper, because it resulted in actual notice. The majority accepts that proposition.

Conceding that ORCP 7 is to be interpreted broadly, I think that it requires, nevertheless, that one should be able to determine from the trial court file when and how the defendant was served. Although technical defects may be overlooked, total noncompliance may not. If that is not so, then many trials will result in two trials—one of which will be necessary to determine whether the court has personal jurisdiction over the defendant and, if so, when it acquired jurisdiction. Liberality in interpreting the rule is one thing; free-for-all methods of somehow letting a defendant know that he is being sued are another and do not serve judicial economy. The majority overlooks the fact that in *Lake Oswego Review* the record showed when and how the defendant was served and that the method used was reasonably calculated to apprise the defendant of the action. Neither of those elements is present here. The majority, for good reason, does not tell us on what date defendant was "served"—only that it was some time in October.

Accordingly, I respectfully dissent.

Warden, Young and Newman, JJ., join in this dissent.