Argued and submitted March 12, Court of Appeals reversed and trial court affirmed
October 7, 1986

JORDAN,
*Respondent on Review,*

*v.*

WISER,
*Petitioner on Review.*

(TC A8206-03788; CA A32450; SC S32434)

726 P2d 365

Rick L. Haselton, Portland, filed the petition for review and argued the cause for petitioner on review. With him on the petition for review was Lindsay, Hart, Neil & Weigler, Portland.

Robert Wollheim, Portland, argued the cause and filed a response to the petition for review. With him on the response was Welch, Bruun & Green, Portland.

Before Peterson, Chief Justice, and Lent, Linde, Campbell, Carson, and Jones, Justices.

CAMPBELL, J.

## CAMPBELL, J.

This case involves the interpretation and application of ORCP 7. The issue is whether service of a summons occurs by mere physical delivery of summons and complaint to a defendant if the person making the delivery does not have an intent to serve summons and is not authorized to do so by the plaintiff or plaintiff's attorney. We hold that there is no service of summons.

On October 26, 1980, a collision occurred between automobiles operated by plaintiff, Elizabeth Jordan, and defendant Lawrence Wiser. Gwenda Jordan was riding as a passenger in the automobile driven by her mother, Elizabeth Jordan. The automobile driven by Wiser was owned by his mother, Leona Jones.

On June 23, 1982, Elizabeth Jordan filed the complaint in this case for herself, individually, and as guardian *ad litem* for her daughter, Gwenda Jordan, to recover damages for personal injuries they received in the collision. Both Wiser and Jones were named as defendants.

Plaintiff's attorney had information from the Motor Vehicles Division of the Oregon Department of Transportation and the United States Postal Service that Wiser lived at his mother's Oregon City address. The attorney, therefore, instructed a process server to serve both defendants at that address.

On September 19, 1982, the process server served defendant Jones with certified copies of the summons and complaint at her residence in Oregon City. At the same time, the process server attempted to make substituted service upon defendant Wiser by leaving certified copies of the summons and complaint with defendant Jones.[1] However, at that time

---

[1] "ORCP 7D.(2)(b) reads: Substituted service. Substituted service may be made by delivering a true copy of the summons and complaint at the dwelling house or usual place of abode of the person to be served, to any person over 14 years of age residing in the dwelling house or usual place of abode of the person to be served. Where substituted service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed a true copy of the summons and complaint to the defendant at defendant's dwelling house or usual place of abode, together with a statement of the date, time, and place at which substituted service was made. For the purpose of computing any period of time prescribed or allowed by these rules, substituted service shall be complete upon such mailing."

Wiser, who was approximately 30 years of age, was residing with his wife in Prescott, Washington.

The process server filed a return of service based upon his alleged substituted service of Wiser. The process server's co-employee attached to the return of service her certificate that she had thereafter mailed certified true copies of summons and complaint to Wiser at the Oregon City address. The process server later executed an affidavit in which he swore that he had satisfied himself that the Oregon address was "the dwelling house or usual place of abode" of Wiser.

Within a week or two, Jones called Wiser and told him that she had been served with summons.[2] Shortly thereafter, Jones, on her own initiative, drove over 200 miles to Prescott, Washington, and while there attempted to hand the summons and complaint to Wiser who refused to accept them. Jones did not file a return of service. Plaintiff found out about Jones' safari after the fact. Wiser previously had been informed by his insurance carrier that the complaint had been filed.

On October 27, 1982, Wiser filed a "special appearance" alleging that he had not been served with summons pursuant to ORCP 7 and an affirmative answer alleging that plaintiff, Elizabeth Jordan, had not commenced her action within the statute of limitations. Thereafter, the trial court entered an order "that a trial shall first be held on the issue of personal jurisdiction, sufficiency of service and statute of limitations as these issues relate to defendant Lawrence Wiser" and that the issues of liability and damages be postponed to a later date.[3]

---

[2] Jones testified on cross-examination in the trial court:

"Q. Did you call your son [defendant Wiser]?

"A. Yes.

"Q. Did you tell him that the complaint and summons had been served on you?

"A. Yes.

"Q. What was his response? What did your son say?

"A. Well, what the conversation was and I said that, 'I have yours, too.' And he said, 'But Mother, you can't do that.' "

[3] On August 16, 1983, the trial court entered a summary judgment dismissing

Issue was joined at the non-jury trial between plaintiff and Wiser on whether Wiser lived at the Oregon City address at the time the certified copies of summons and complaint were left with Jones. The trial court found that the Oregon City address was not the dwelling house or usual place of abode of Wiser at the time in question and therefore the claimed substitute service was not effective. However, before judgment was entered, plaintiff's lawyer wrote to the judge contending that Jones had made personal service on Wiser in Prescott, Washington. The trial court rejected that theory also, writing:

> "I am not persuaded that Mrs. Jones visited her son Mr. Wiser sometime in October of 1982 with the intent to serve him with the summons and complaint. Plaintiff has not met her burden on this issue."

The trial court then entered judgment for Wiser against plaintiff.

Plaintiff appealed to the Court of Appeals contending only that defendant Wiser had been validly served by delivery by Jones of the copies of the summons and complaint to him in Prescott, Washington. Plaintiff no longer claimed that Wiser was properly served in Oregon City by substituted service under ORCP 7D.(2)(b). Plaintiff's position in the Court of Appeals and in this court is that Wiser was personally served with summons and complaint by Jones in Prescott, Washington, as required by ORCP 7D.(2)(a), but that in any event Wiser had actual notice and was served in a "manner reasonably calculated, under all the circumstances, to apprise" him of the "existence and pendency of the action to afford a reasonable opportunity to appear and defend" under ORCP 7D.(1).

The Court of Appeals, by an *in banc* decision of 6-4, reversed the trial court and held that the service of summons on defendant Wiser by Jones in Prescott, Washington complied with the Oregon Rules of Civil Procedure. *Jordan v.*

---

plaintiff's complaint against defendant Leona Jones on the grounds that she had not furnished the automobile to defendant Wiser under the family purpose doctrine. The action by Elizabeth Jordan on behalf of her daughter, Gwenda Jordan, is not a part of the issues in this petition for review because the statute of limitations is extended for minors. ORS 12.160. The issues in this review involve only Elizabeth Jordan, as an individual, and defendant Lawrence Wiser.

*Wiser,* 76 Or App 500, 709 P2d 1140 (1985). The majority and the dissent each believed that our decision in *Lake Oswego Review v. Steinkamp,* 298 Or 607, 695 P2d 565 (1985), supported its position.[4] On review both parties make the same claim.

We granted defendant Wiser's petition for review primarily to determine if it is necessary to clarify our previous opinion in *Lake Oswego Review v. Steinkamp, supra.* However, we now find that we do not reach any of the issues decided by *Lake Oswego Review v. Steinkamp* because the co-defendant, Leona Jones, was not authorized by plaintiff to serve a summons upon defendant Wiser and had no intention of serving him. We reverse the Court of Appeals and affirm the trial court.

The relevant portions of the Oregon Rules of Civil Procedure are:

"7B.         Issuance. Any time after the action is commenced, plaintiff or plaintiff's attorney may issue as many original summonses as either may elect and deliver such summonses to a person authorized to serve summonses under section E. of this rule. A summons is issued when subscribed by plaintiff or a resident attorney of this state.

"7D.(1)      Notice required. Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend * * *.

"7D.(2)(a)   Personal service. Personal service may be made by delivery of a true copy of the summons and a true copy of the complaint to the person to be served.

"7E.         By whom served; * * * A summons may be served by any competent person 18 years of age or older who is a resident of the state where service is made or of this state and is not a party to the action * * *.

"7F.(1)·     Return of summons. The summons shall be promptly returned to the clerk with whom the complaint is filed with proof of service * * *.

---

[4] Our opinion in *Lake Oswego Review v. Steinkamp,* 298 Or 607, 695 P2d 565 (1985), was published on February 12, 1985, between the time this case was argued in the Court of Appeals on January 7, 1985, and the publication of that court's opinion on November 20, 1985.

"7F.(4)    Failure to make proof; validity of service. If summons has been properly served, failure to make or file a proper proof of service shall not affect the validity of the service.

"7G.    Disregard of error; actual notice. Failure to comply with provisions of this rule relating to the form of summons, issuance of summons, and the person who may serve summons shall not affect the validity of service of summons or the existence of jurisdiction over the person, if the court determines that the defendant received actual notice of the substance and pendency of the action. The court may allow amendment to a summons, or affidavit or certificate of service of summons, and shall disregard any error in the content of or service of summons that does not materially prejudice the substantive rights of the party against whom summons was issued.

"21A.    How presented. Every defense * * * shall be asserted in the responsive pleading thereto, except the following defenses may at the option of the pleader be made by motion to dismiss: * * * (5) insufficiency of summons or process or insufficiency of service of summons or process * * *."

Plaintiff's position starts with the premise that Wiser would have been personally served by Jones as required by ORCP 7D.(2)(a), *except* that ORCP 7E. prohibits a party to the action from serving a summons and Jones did not file a return as required by ORCP 7F.(1). Plaintiff contends, *however,* that because Wiser had actual notice of the substance and pendency of the action, the fact Jones was a party is nullified by the provisions of ORCP 7G. Plaintiff further contends the failure to file a return is excused by ORCP 7F.(4). *Therefore,* the end result is authorized personal service.

Plaintiff's position is built on quicksand. The person who makes personal service upon a defendant as provided in ORCP 7D.(2)(a) must intend to serve the summons and be authorized to do so by the plaintiff or plaintiff's attorney. The summons server is acting on behalf of the plaintiff. It is not necessary in the context of this case to label the person who serves the summons as an agent, courier, messenger or independent contractor. Whatever the legal relationship between the plaintiff and the summons server, the latter is acting only at the behest of the former. Only the plaintiff or the plaintiff's attorney can issue a summons. ORCP 7B. Only the plaintiff or

the plaintiff's attorney can recall a summons. It necessarily follows that the same individuals must authorize the service of the summons.

Here, co-defendant Leona Jones was a self-starter. She was a volunteer. She was not the agent or the sub-agent of the professional process server who served her at her Oregon City address. She had no legal relationship to the plaintiff. It is obvious that Jones did not think that she had served the summons on Wiser or she would have filed a return. Her maternal instinct may have prompted her to attempt to deliver to her son something that she thought was important to him. The plaintiff only tried to ratify Jones' conduct after the fact when the trial judge turned down plaintiff's substitute service theory. The trial judge specifically found that Jones did not travel to Prescott, Washington, to serve Wiser with summons and complaint.

We hold that the attempted delivery of the summons by Jones was not authorized by the Oregon Rules of Civil Procedure.[5] We know of no rule of law that required Wiser to accept the summons and complaint from an unauthorized source. The attempted service of summons was a nullity. This opinion is not a return to the old technical days. *See* Peterson, *The Summons—A Slippery Threshold,* 46 Or L Rev 188 (1967). Even under the new and liberal Oregon Rules of Civil Procedure, the service of summons must be authorized by the plaintiff or plaintiff's attorney.

---

[5] In *Pease Brothers, Inc. v. American Pipe & Supply Co.,* 522 P2d 996, 1003 (Wyo 1974), the court said:

"It has been consistently held that the fact that process improperly served, is forwarded to proper officials of the corporation does not validate the service. In *McDonald v. Ames Supply Co.* (1968), 22 N.Y.2d 111, 291 N.Y.S.2d 328, 331, 238 N.E.2d 726, the Court of Appeals of New York says:

" 'Numerous authorities hold that personal delivery of a summons to the wrong person does not constitute valid personal service even though the summons shortly comes into the possession of the party to be served * * *. A contrary rule would negate the statutory procedure for setting aside a defectively served summons, since the motion itself is usually evidence that the summons has been received * * *.' "

Although the service of summons in the above quote involves a different type, it reminds us that in Oregon ORCP 21A.(5) provides for a motion to dismiss for "insufficiency of service of summons." As the New York court points out, the motion to dismiss usually is based upon evidence that the defendant has in some fashion received the summons in question. If the "insufficiency of service" of summons could not be challenged in Oregon, there would be no point having ORCP 21A.(5).

The attempted service of summons by an unauthorized person is not a mere defect in the service, it is no service. Because there was no service of summons, ORCP 7F.(4) and 7G. do not apply to this case. There is no return of summons to excuse if there has been no service of summons. ORCP 7F.(4) specifically provides that the return of service will be excused only "if the summons has been properly served."

Plaintiff argues that the first sentence of ORCP 7G. excuses the fact that Jones was a party and therefore disqualified from serving the summons under ORCP 7E. Plaintiff misses the point. ORCP 7G. only excuses the failure to comply with ORCP 7E., but it does not furnish authorization to serve the summons where none existed nor excuse the lack of such authorization to serve the summons.[6]

Defendant Wiser received actual notice of action from only two sources: his insurance company and the telephone conversation with defendant Jones. Even if Wiser had accepted and read the summons and complaint which Jones attempted to deliver to him, the result would not change. Reading a summons received from an unauthorized delivery would only increase Wiser's actual notice. Actual notice is not enough to trigger the application of ORCP 7G. and 7F.[7] This is

---

[6] Neither party mentions "prejudice" in their briefs in the Court of Appeals. The majority opinion in the Court of Appeals mentions "prejudice" twice in its opinion. "Prejudice" was mentioned in this court but the arguments did not focus upon it. We hold that the question of "prejudice" under ORCP 7G. is not before this court.

In any event, we have held that in this case there was no service of summons, and therefore the second sentence of ORCP 7G. would not apply.

[7] The majority opinion in the Court of Appeals (76 Or App at 505) makes the following statement:

"In *Lake Oswego Review v. Steinkamp, supra,* 298 Or at 613, the Supreme Court quoted with approval a commentary to Rule 7 * * * [as follows]:

" ' "* * * A defendant who received actual notice can hardly assert that summons was not served by a manner calculated to give notice." ' Merrill, *Jurisdiction Over Parties; Service of Summons (Rules 4-7), reprinted in* Oregon Law Institute, Oregon Civil Procedure Rules 1980 at 236 (1979)."

The relevant portion of the paragraph from which the above quote is taken is:

"The key difference from the former statutes is that, when a defendant actually does get notice, defects in form of summons or method of service of summons do not invalidate service. *A defendant who received actual notice can hardly assert that summons was not served by a manner calculated to give notice.* Note, the rule, however, does require a service of summons; mere notice of the action is not sufficient. Under ORCP 7C.(2), serving a summons is necessary to

supported by the staff comment of the Council on Court Procedures.

> "Subsection 7F.(4) and section 7G. also make clear that any technical defects in the return, form of summons, issuance of summons, and persons serving do not invalidate service if the defendant received actual notice of the existence and pendency of the action. Note, however, that summons must be served and returned; mere knowledge of the pendency and nature of the action will not require the defendant to appear and defend."

Council on Court Procedures, Staff Comment to Rule 7, Merrill's Oregon Rules of Civil Procedure: 1986 Handbook 26.

Since the petition for review was argued in this court, Professor Fredric R. Merrill, University of Oregon Law School, has published a text entitled "Jurisdiction and Summons in Oregon."[8] The following portion of that text is relevant in this case:

> "First, it is true that Rule 7 does not eliminate the requirement that a summons in fact be served. Adequate service of a summons does not require that the defendant actually receive notice, but only that summons be served in a manner reasonably calculated to give notice. Conversely, the fact that a defendant somehow received actual notice of the existence and pendency of an action, unrelated to service of a summons, does not satisfy the requirements of the rule [ORCP 7]. The standard of adequate notice in the ORCP relates to service of a *summons* only. Under ORCP 4 there is

---

require a defendant to appear within 30 days, and under ORS 12.020, service of summons is necessary to satisfy the statutes of limitations. ORCP 7D.(2) (b)-(d) and 7D.(6)(g) state when service is complete for purposes of commencement of the 30-day period to appear." (Emphasis added.)

A fair reading of the above portion of Professor Merrill's paragraph shows that first there must be a service of summons. In this case we have held that there was no service of summons and therefore the emphasized sentence quoted by the Court of Appeals does not apply.

The use of the above-quoted sentence in *Lake Oswego Review v. Steinkamp, supra,* was *dictum.* That case was decided upon the basis of "adequate" notice and not "actual" notice.

We held that the service of summons was reasonably calculated to afford the defendant a reasonable opportunity to appear and defend within the meaning of ORCP 7D.(1).

[8] Professor Merrill was Executive Director of the Council on Court Procedures at the time ORCP 4 and 7 were promulgated by the Council and became a part of Oregon law.

no jurisdiction over a defendant unless there is service of a *summons* in conformance with Rule 7. ORCP 7C.(2) requires service of a *summons* before there is any obligation to appear. Furthermore, ORS 12.020 requires service of a *summons* to satisfy the statute of limitations.

"It is also true that the first sentence of ORCP 7G., which requires the court to ignore defects of service when there is actual notice, does not specifically apply to 'manner' of service. This was done intentionally and is consistent with the concept that service of a summons is required. It is possible that a defendant could receive actual notice from service of a summons that did not comply with ORCP 7 D.(1). If, for example, summons was served by leaving papers at an address which was not that of the defendant, but the persons receiving the summons recognized the defendant's name and sent the defendant the summons, this would hardly be a manner of service reasonably calculated to apprise the defendant of the existence and pendency of the action. Even though the defendant received actual notice of the action, he or she would not have received it by a service which complied with ORCP 7." (Emphasis in original; footnotes omitted.)

Merrill, Jurisdiction and Summons in Oregon 140-41, § 2.01 (1986).

The example given by Professor Merrill is almost exactly what happened in the present case, except that Jones physically delivered the summons rather than sent it. The trial court finding that she had no intent to serve summons is supported by evidence and is binding on this court. She was not the agent of the plaintiff, of the plaintiff's attorney, or of the process server and, although all of them intended to serve Wiser with summons, the happenstance delivery by Jones was not "a manner reasonably calculated" by them to apprise Wiser of the existence and pendency of the action against him. The situation is no different than if any other volunteer found the summons and complaint in the street and, knowing the defendant, delivered the documents to the defendant.

Plaintiff cannot make a silk purse out of a sow's ear nor can she bootstrap Jones' volunteer delivery of summons into authorized service.[9]

---

[9] Bartlett, Familiar Quotations 138 n 3 (1940), gives credit to two different sources for the quotation: "You can't make a silk purse out of a sow's ear." Those sources are Jonathan Swift, Polite Conversations, Dialogue II and Dickens, David Copperfield, Chapter 30.

The Court of Appeals is reversed. The trial court is affirmed.