Argued and submitted June 26, reversed and remanded November 15, 1989,
reconsideration denied January 5, petition for review allowed March 21, 1990
(309 Or 521)
See later issue Oregon Reports

# BAKER,
*Appellant,*

*v.*

# FOY,
*Defendant,*

*and*

# FOY,
*Respondent.*

## (A8803-01197; CA A50641)

782 P2d 439

Philip M. Lebenbaum, Portland, argued the cause and submitted the brief for appellant.

Duane Vergeer, Portland, argued the cause for respondent. With him on the brief was Vergeer, Roehr & Sweek, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

Buttler, P. J., dissenting.

## ROSSMAN, J.

Plaintiff appeals a judgment dismissing his action against Patrick Foy (defendant).[1] We reverse.

Plaintiff alleged that he suffered personal injuries on March 5, 1986, as a result of defendant's operation of a motor vehicle.[2] On March 3, 1988, he served a summons and complaint (summons) on defendant's mother and at the same time attempted service on defendant by leaving with her a copy of the summons for defendant. On April 5, plaintiff sent a copy of the summons by certified mail to defendant at the same address. In fact, defendant did not live at his mother's residence and had not lived there for almost three years at the time of the attempted service. Defendant did not learn of the action until some time later, when he read the copy which had been delivered to his mother. The trial court granted him a summary judgment on the ground that he was not properly served.

The issue is whether plaintiff's purported service on defendant meets the requirements of ORCP 7D(1) and (2)(b), which provide:

"D(1) Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. Summons may be served in a manner specified in this rule or by any other rule or statute on the defendant or upon an agent authorized by appointment or law to accept service of summons for the defendant. Service may be made, subject to the restrictions and requirements of this

---

[1] Plaintiff does not appeal the judgment in favor of Maryanne Foy, defendant's mother.

[2] The complaint alleged, in part:

"At that time and place, Defendant Patrick Foy operated the vehicle in such a manner as to cause it to leave the public thoroughfare and proceed over a public sidewalk, through two yard areas fronting houses, through and over a picket fence, through bushes, over pedestrian pathways between sidewalk and house doors, and into a tree on Plaintiff's frontal property, and there coming to rest, creating loud and alarming noises throughout the episode.

"While Mr. Baker lay sleeping, Defendant's actions, raising a clatter, caused Mr. Baker to spring from his bed to see what was the matter. When on his front lawn but what did he see, but Defendant's car wedged against his tree."

Plaintiff further alleged that, when he got up to investigate, he fell and suffered injury.

rule, by the following methods: personal service of summons upon defendant or an agent of defendant authorized to receive process; substituted service by leaving a copy of summons and complaint at a person's dwelling house or usual place of abode; office service by leaving with a person who is apparently in charge of an office; service by mail; or, service by publication. "* * * * *

"D(2)(b) Substituted service may be made by delivering a true copy of the summons and complaint at the dwelling house or usual place of abode of the person to be served, to any person over 14 years of age residing in the dwelling house or usual place of abode of the person to be served. Where substituted service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed a true copy of the summons and complaint to the defendant at defendant's dwelling house or usual place of abode, together with a statement of the date, time, and place at which substituted service was made. For the purpose of computing any period of time prescribed or allowed by these rules, substituted service shall be complete upon such mailing."

Defendant, and the dissent, argue that this case is controlled by *Jordan v. Wiser,* 302 Or 50, 726 P2d 365 (1986), where, on the basis of information from the MVD and the post office, the plaintiff attempted service at the defendant's mother's address by leaving the summons with the defendant's mother. The defendant actually lived in Washington. His mother later drove to the defendant's house and tried to give him the summons, but he refused to take it. The Supreme Court held that the attempted service by an unauthorized person was no service at all and that the defendant had not been served as required by statute.

We do not agree that *Jordan* controls. This case does not involve attempted service by an unauthorized person. Rather, the question is whether plaintiff's service was reasonably calculated to apprise defendant of the pendency of the action. As we noted in *Korgan v. Gantenbein,* 74 Or App 154, 159, 702 P2d 427 (1985):

"The Supreme Court recently has made it clear that the only mandatory provision of ORCP 7D is that summons shall be served in any manner reasonably calculated to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to defend. *Lake Oswego Review v. Steinkamp,* 298 Or 607, 695 P2d 565 (1985). The

> particular methods of service described in ORCP 7D are permissive and nonexclusive. Technical errors in service, such as failure to comply with one of the specified procedures, are disregarded if they do not materially prejudice the rights of the party served. ORCP 7G. Moreover, a method of service not specifically described in ORCP 7D(2) may be valid and sufficient for a court to acquire jurisdiction over a party if it is adequate to apprise the defendant of the pendency of the action. *Lake Oswego Review v. Steinkamp, supra.*"

We hold that the facts here show that plaintiff's service met that test.

Defendant was a minor at the time of the accident. He does not deny that, during the investigation, he gave his mother's address as his own.[3] That address was his current address on the Motor Vehicles Division records at the time of service. Plaintiff acted on the information provided by defendant and, under the circumstances, the service was reasonably calculated to apprise defendant of the action.

Reversed and remanded.

**BUTTLER, P. J.,** dissenting.

This case is a clone of *Jordan v. Wiser,* 302 Or 50, 726 P2d 365 (1986). Here, as there, a mother and son are defendants; plaintiff served the mother personally and attempted substituted service on the son by leaving a copy of the summons and complaint with the mother; the mother's house was not the "dwelling house or usual place of abode" of the son; copies of the summons and complaint were sent to the son at the mother's address; the son did not receive the documents within 60 days after the filing of the complaint, ORS 12.020(2), but later received the documents from the mother. The court held in *Jordan* that the purported service was ineffective, because the mother was not an agent of the process server. The plaintiff there had abandoned on appeal the argument that she had urged in the trial that there had been valid substituted service.

The majority attempts to distinguish this case by stating that the question here is, simply, "whether plaintiff's

---

[3] At his deposition, defendant admitted that he had continued to receive mail at that address.

service was reasonably calculated to apprise defendant of the pendency of the action[,]" 99 Or App at 413, relying on *Korgan v. Gantenbein,* 74 Or App 154, 702 P2d 427 (1985). Aside from *Korgan's* distinguishing facts, *Jordan* was decided after that case and, in *Jordan,* the court quoted with approval from Merrill, *Jurisdiction and Summons in Oregon,* 140-41, § 2.01 (1986):

> "It is also true that the first sentence of ORCP 7G., which requires the court to ignore defects of service when there is actual notice, does not specifically apply to 'manner' of service. This was done intentionally and is consistent with the concept that service of a summons is required. It is possible that a defendant could receive actual notice from service of a summons that did not comply with ORCP 7D.(1). If, for example, summons was served by leaving papers at an address which was not that of the defendant, but the persons receiving the summons recognized the defendant's name and sent the defendant the summons, this would hardly be a manner of service reasonably calculated to apprise the defendant of the existence and pendency of the action. Even though the defendant received actual notice of the action, he or she would not have received it by a service which complied with ORCP 7." 302 Or at 60. (Footnotes omitted.)

It is apparent that the majority, in relying on ORCP 7G, overlooks the fact, as did the plaintiff in *Jordan,* that there has been *no* service of the summons; therefore, actual notice does not cure the defective attempted service.

The majority makes much of the fact that defendant's mother's address was defendant's current address on file at the Motor Vehicles Division (MVD).[1] First, plaintiff did not know that at the time of service and, second, it is not strictly correct. MVD records showed the registered owners of the vehicle to be defendant's father and defendant and gave an address that is the mother's and, apparently, that of the father. The plaintiff in *Jordan* filed an affidavit by the process server in which he stated that he had satisfied himself that the address in question was the dwelling house or usual place of abode of the son. By contrast, there is no such showing here; the process server simply left a copy of the summons and complaint with defendant's mother. There is nothing in the

---

[1] There is no suggestion or contention that plaintiff attempted service under ORCP 7D(4)(a), relating to service in automobile cases.

record to show whether the process server inquired whether defendant lived there or whether he did inquire and was told that defendant had not lived there for several years.

The trial court was correct, and I would affirm.[2]

---

[2] As a matter of incidental interest, the majority was among the majority in this court's decision in *Jordan v. Wiser,* 76 Or App 500, 709 P2d 1140 (1985); the dissenter here wrote the dissent in that case. The Supreme Court reversed. When will they ever learn?