Submitted on briefs January 26, reversed and remanded September 16, 1987

MICHEL,
*Respondent,*

*v.*

UETZ,
dba Uetz's Hillsdale Cleaners,
*Appellant.*

(85-C-604-608; CA A41005)

742 P2d 698

Kenneth Bourne, Portland, waived appearance for appellant.

Jeffrey C. Bodie, Portland, waived appearance for respondent.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals from an order of the district court that denied his motion to set aside a default judgment. We reverse.

On October 24, 1985, plaintiff filed a claim and notice of claim against defendant in the Small Claims Division of the Multnomah County District Court. He alleged that defendant had damaged a suit and a pair of pants and owed him $654. On October 22, 1985, the sheriff served a copy of the notice of the claim on defendant. ORS 46.445.[1] On October 30 defendant filed an answer, which denied plaintiff's claim and demanded a jury trial. ORS 46.455(2)(c).[2]

Pursuant to ORS 46.465(3),[3] the district court

---

[1] ORS 46.445 provides in part:

"(1) Upon the filing of a claim, the clerk shall issue a notice in the form prescribed by the court.

"(2) The notice shall be directed to the defendant, naming the defendant, and shall contain a copy of the claim.

"(3) If the amount or value claimed is $50 or more, the notice and claim shall be served upon the defendant in the manner provided for the service of summons and complaint in proceedings in the circuit courts."

[2] At that time, ORS 46.455(2)(c) provided:

"(2) If the defendant denies the claim, the defendant:

"* * * * *

"(c) If the amount or value claimed exceeds $200, has a constitutional right to a jury trial and may claim that right in a written request to the clerk in the form prescribed by the court, accompanied by payment of the fees required from defendants in district court actions together with the district court jury fee. The request shall designate a mailing address to which a summons and copy of the complaint may be served by mail. Thereafter, the plaintiff's claim will not be limited to the amount stated in the claim, though it must involve the same controversy." Or Laws 1983, ch 673, § 2, effective January 1, 1984.

The 1983 amendments added the requirement for service of summons to the existing requirement for service of a copy of the complaint.

[3] At that time, ORS 46.465(3) provided:

"If the defendant claims the right to a jury trial, the clerk shall notify the plaintiff to file a formal complaint within 20 days following the mailing of such notice. The notice shall instruct the plaintiff to serve a summons and copy of the complaint by mail on the defendant at the designated address of the defendant. Proof of service of the summons and complaint copy may be made by certificate of the plaintiff or plaintiff's attorney attached to the complaint prior to its filing. The plaintiff's claim in such formal complaint is not limited to the amount stated in the claim filed in the small claims department but it must involve the same controversy. The defendant shall have 10 days in which to move, plead or otherwise appear following the day on which the summons and copy of the complaint

administrator notified plaintiff on October 31, 1985:

"You are hereby notified that the Defendant in the above-entitled claim * * * has claimed the right to demand a jury trial.

"Accordingly, in order to make your claim you must file a formal complaint within 20 days following the date this notice is mailed. Your claim in the formal complaint is not limited to the amount stated in the claim filed in the Small Claims Department, but it must involve the same controversy.

"You may hire an attorney to prepare the formal complaint and appear on your behalf in the case, which will be tried as other civil actions are tried in the District Court. The court does not provide forms for formal complaints.

"A copy of the complaint and a summons must be mailed to the Defendant at [6324 S.W. Capital Hwy, Portland, Oregon 97201] and a Certificate of such mailing must be attached to the complaint prior to filing it with this office. The fee to file a Formal Complaint is $32.20.

"The Defendant will have 10 days to move, plead or otherwise appear following the day on which the copy of the complaint and summons would be delivered to the Defendant in normal course by mail."

On November 20, 1985, plaintiff filed a formal complaint with two "causes of action"—negligence and breach of duty by bailee—in the district court. The complaint increased plaintiff's demand to $1200 plus costs. It bore the caption "In the Circuit Court of the State of Oregon for the County of Multnomah," but plaintiff had crossed out the word "Circuit" and written in the word "District". He mailed a copy of the complaint to defendant, but on that copy he did not change the word "Circuit" to "District." Plaintiff did *not* mail a summons to defendant. Shortly thereafter, he advised defendant's attorney that he had crossed off "Circuit" on the formal complaint that he had filed in the district court and had replaced it with "District."

On January 30, 1986, plaintiff sent a letter to defendant's attorney, along with a copy of the complaint that he

would be delivered to the defendant in due course of mail. Thereafter, the cause shall proceed as other causes in the district court, and fees and costs shall be charged and collected as provided in ORS 46.210 and 46.221 for other cases tried in district court." Or Laws 1983, ch 673, § 3, effective January 1, 1984.

had filed in the district court on November 20, 1985. The letter stated:

> "A copy of the enclosed complaint was sent to defendant * * * on 11/20/85.

> "This letter gives you 10 days notice that I intend to file for a default judgment in District Court."

On February 27, 1986, plaintiff moved for a default judgment in the district court. He filed an affidavit stating, erroneously, that on November 20, 1985, he had served defendant with a summons, as well as a copy of the complaint. On March 31, 1986, the court entered an *ex parte* default judgment against defendant.

On June 5, 1986, defendant moved to have the default judgment set aside as void on the ground that he was not served with a copy of the complaint or summons. ORCP 71B(1).[4] On July 25, 1986, the court denied the motion. Defendant assigns the ruling as error.

The court found:

> "1. Defendant * * * initiated the transfer to District Court of the action originally filed by plaintiff in the Small Claims Department;

> "2. In November, 1985, defendant * * * received from plaintiff in the mail a copy of the Complaint filed by plaintiff in response to defendant['s] transfer of the action from the Small Claims Department to District Court;

> "3. On or about January 30, 1986, defendant's counsel received in the mail from plaintiff a copy of the above-mentioned Complaint and plaintiff's notice of intent to take a

---

[4] Defendant's supporting affidavit states:

"I have never received a copy of any District Court Complaint or Summons in the mail or otherwise from [plaintiff]."

An affidavit of defendant's attorney states:

"I have never received a copy of any pleadings from [plaintiff] nor a copy of any summons addressed to [defendant]."

Plaintiff's opposing affidavit states:

"At [a] hearing [in December, 1985], [defendant's lawyer] stated that he had in his possession pleadings captioned as a Circuit Court action. I told [him] and his clients at the hearing that the words 'Circuit Court' were in error and that I had written in 'District Court' in the caption of the complaint I had filed with the clerk, that I believed the case number was a District Court number and that I was definitely going forward with the District Court case."

default judgment if no appearance were filed by defendant * * * within ten (10) days thereafter;

"4. Defendant * * * had actual notice of the pendency of the within entitled action based upon the above and an oral communication at a small claims hearing in December, 1985 from plaintiff to defendant and his counsel that plaintiff was proceeding with the District Court case;

"5. Proper service was made upon defendant * * * under ORCP 7 and cases thereunder and the default judgment previously entered is valid and is not void."

■ Although the sheriff had served defendant with a copy of the notice of claim in the small claims department, ORS 46.445, and defendant had entered a general denial, he also demanded a jury trial. Accordingly, plaintiff was obliged to serve defendant with a summons, as well as a copy of the complaint, by mail. ORS 46.465(3). Plaintiff failed to serve the summons. The court concluded, before the decision in *Jordan v. Wiser,* 302 Or 50, 726 P2d 365 (1986) issued, that "proper service was made upon defendant * * * under ORCP 7 and cases thereunder." ORCP 1A, however, provides that, in the absence of a statute or rule providing otherwise, the rules do not apply to actions in the small claims department of district court.[5] Until a defendant is served in accordance with ORS 46.465, the case is still in the small claims department and ORCP does not apply. The court's reliance on ORCP 7, therefore, was inappropriate. Moreover, although defendant had actual notice of the pendency of the action, that is insufficient in the face of the requirements of ORS 46.465(3). *See Jordan v. Wiser, supra.*

■ The court erred when it denied defendant's motion to set aside the judgment as void. It is true that, by demanding a jury trial, defendant required plaintiff to serve him a second time, but that is what the statute requires. The action in the district court is, in effect, a new action. *See* ORS 46.465(3).

---

[5] ORCP 1A provides, in part:

"These rules govern procedure and practice in all circuit and district courts of this state, except in the small claims department of district courts, for all civil actions and special proceedings * * * except where a different procedure is specified by statute or rule. These rules shall also govern practice and procedure in all civil actions and special proceedings, * * * for the small claims department of district courts * * * to the extent they are made applicable to such courts by rule or statute."

Reversed and remanded.