Submitted on record and briefs January 17, reversed and remanded with instructions to remand action to small claims court May 22, 1991

Bruce L. MELKONIAN,
*Respondent,*

*v.*

Greg A. PFISTER,
*Appellant.*

(89C-697499; CA A66073)

812 P2d 3

Greg A. Pfister, Portland, filed the brief *pro sé* for appellant.

Bruce L. Melkonian, Portland, filed the brief *pro se* for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action which arose out of disputes between the parties in connection with their law office sharing arrangement in small claims court. At defendant's instance, the case was transferred to district court pursuant to ORS 46.465. Although defendant had been served in the small claims court action, plaintiff failed to serve him in the district court proceeding in accordance with ORS 46.465(3). Defendant moved to dismiss on the basis of that failure, and the trial court denied the motion. Defendant appeared and participated fully in the proceedings. Judgment was entered on an arbitrator's award. ORS 36.425(3). Defendant appeals, assigning error to the denial of the motion to dismiss.

Defendant relies on *Michel v. Uetz,* 87 Or App 452, 742 P2d 698 (1987), where we reversed the denial of the defendant's motion to set aside a judgment on the ground that he had not been re-served in the district court proceeding that had been removed from small claims court. We explained:

"Until a defendant is served in accordance with ORS 46.465, the case is still in the small claims department and ORCP does not apply. The court's reliance on ORCP 7, therefore, was inappropriate. Moreover, although defendant had actual notice of the pendency of the action, that is insufficient in the face of the requirements of ORS 46.465(3). *See Jordan v. Wiser,* [302 Or 50, 726 P2d 365 (1986)].

"The court erred when it denied defendant's motion to set aside the judgment as void. It is true that, by demanding a jury trial, defendant required plaintiff to serve him a second time, but that is what the statute requires. The action in the district court is, in effect, a new action. *See* ORS 46.465(3)." 87 Or App at 457.

Plaintiff attempts to distinguish *Michel* on a variety of bases, none of which is persuasive. We agree with defendant that the district court did not acquire jurisdiction under ORS 46.465(3). However, we do not agree that the proper disposition was dismissal of the action. As we indicated in *Michel,* the case is still in the jurisdiction of the small claims court.

*Easton v. Hurita,* 290 Or 689, 704, 625 P2d 1290 (1981), on which defendant relies, is not to the contrary. It

holds that, under ORCP 21A(5), a motion to dismiss is the proper method for challenging the service of summons. Dismissal of the action for defective service is correct in a case where jurisdiction over the action does not already exist in a court other than the one where the service requirement was not met. It is not the proper relief here.

Reversed and remanded with instructions to remand action to small claims court.