Argued and submitted December 12, 1986, reversed and remanded September 2, 1987

EDWARDS,
*Appellant,*

*v.*

EDWARDS,
*Respondent.*

(16-85-06385; CA A38977)

741 P2d 928

Ira L. Gottlieb, Portland, argued the cause for appellant. With him on the briefs was Keller, Gottlieb & Gorin, Portland.

John C. Cox, and Hutchinson, Anderson, Cox & Teising, P.C., Eugene, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Plaintiff appeals a judgment dismissing her action due to failure to serve defendant properly. We reverse.

In July, 1985, plaintiff, acting *pro se,* filed an action seeking the partition of military retirement benefits which had been omitted from the decree and property settlement agreement when she and defendant were divorced in 1978. Plaintiff attempted to serve defendant by mail and by office service on defendant's "attorney-in-fact." Defendant moved to dismiss, asserting as one ground insufficiency of service. ORCP 21. Plaintiff obtained counsel, who filed a memorandum in opposition and requested oral argument and a hearing. The trial court denied plaintiff's request for oral argument and a hearing and allowed defendant's motion to dismiss. Plaintiff filed a "Motion for Clarification or Vacation of Order and Reinstatement," which the trial court denied. The court entered a judgment of dismissal.

Plaintiff assigns error to the court's granting of defendant's motion to dismiss without holding a hearing. She argues that she should have had an opportunity to introduce evidence that she had satisfied the service requirements of ORCP 7. ORCP 21A provides, in part:

> "If, on a motion to dismiss asserting [insufficiency of service of summons or process,] the facts constituting such defenses do not appear on the face of the pleading and matters outside the pleading, including affidavits and other evidence, are presented to the court, all parties shall be given a reasonable opportunity to present evidence and affidavits * * *."

In this case, the facts showing insufficiency of service do not appear on the face of the pleadings. Rather, the relevant facts are in supporting affidavits and certificates of mailing. Under these circumstances, the plain language of ORCP 21A requires that plaintiff be given "a reasonable opportunity to present evidence and affidavits." The rule does *not* state, as defendant asserts, that plaintiff must demonstrate through submission of affidavits that an evidentiary hearing is necessary before there is a right to a hearing. The trial court, therefore, erred in denying a hearing.[1]

---

[1] In the light of our holding, we need not address the other issues.

Reversed and remanded.