Argued and submitted February 8, affirmed May 17, reconsideration denied July 7,
petition for review allowed August 29, 1989 (308 Or 315)

# EDWARDS,
*Appellant,*

*v.*

# EDWARDS,
*Respondent.*

## (16-85-06382; CA A48610)

773 P2d 809

Ira L. Gottlieb, Portland, argued the cause for appellant. With him on the brief were Ellen R. Charley and Keller, Gottlieb & Gorin, Portland.

John G. Cox, Eugene, argued the cause for respondent. With him on the brief was Hutchinson, Anderson, Cox & Teising, P.C., Eugene.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Graber, P. J., dissenting.

## EDMONDS, J.

Plaintiff appeals from a judgment granting defendant's motion to dismiss after plaintiff filed a claim to partition military retirement benefits not included in a judgment dissolving the parties' marriage. ORCP 21A(5). The issue is whether plaintiff obtained service on defendant.[1] We affirm.

Plaintiff mailed the summons and complaint to defendant at a Nevada post office box address that defendant had given to relatives and government agencies as a mailing address while he traveled. She also mailed copies of the summons and complaint to defendant's former attorney,[2] to defendant in care of his mother, and to defendant in care of his daughter.[3] Plaintiff's summons and complaint were returned from the Nevada address "unclaimed" after being sent by certified mail, return receipt requested. Plaintiff argues that she obtained service on defendant by complying with the provisions of ORCP 7D(2)(d). This issue involves consideration of the relationship among three subsections of ORCP 7, which provides, in part:

> "D.(1) **Notice Required.** Summons shall be served, either within or without this state, in any manner *reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend.* Summons may be served in a manner specified in this rule or by any other rule or statute on the defendant or upon an agent

---

[1] Plaintiff attempted to raise the same issue in *Edwards v. Edwards,* 87 Or App 188, 741 P2d 928 (1987). However, because the trial court erred in not holding an evidentiary hearing, we remanded the case for such a hearing and did not reach the sufficiency of service issue.

[2] When the letter was mailed to the attorney, there was no evidence that he had authority to accept service on behalf of defendant. Previously, the attorney had represented defendant in a dissolution proceeding and a modification proceeding. The attorney had withdrawn as defendant's attorney of record in the dissolution case. The purpose of the letter mailed to the attorney was not to serve him as defendant's agent, but to give defendant notice of the proceeding.

[3] Defendant's mother and daughter forwarded the envelopes to defendant. Defendant mailed the unopened envelopes back to plaintiff by writing "return to sender" on them. Although it is possible for a defendant who refuses to accept a summons to be adequately served, there is *no* service when the person causing delivery of the summons does not have the intent to serve the summons and is not authorized to do so by the plaintiff. *See Jordan v. Wiser,* 302 Or 50, 726 P2d 365 (1986). Because defendant's mother and daughter lacked the requisite intent and authorization, they could not and did not serve defendant.

authorized by appointment or law to accept service of summons for the defendant. Service may be made, subject to the restrictions and requirements of this rule, by the following methods: personal service of summons upon defendant or an agent of defendant authorized to receive process; substituted service by leaving a copy of summons and complaint at a person's dwelling house or usual place of abode; office service by leaving with a person who is apparently in charge of an office; *service by mail;* or, service by publication.

"D.(2) **Service methods.**

"\* \* \* \* \*

"D.(2)(d) **Service by mail.** Service by mail, when required or allowed by this rule, shall be made by mailing a true copy of the summons and a true copy of the complaint to the defendant by certified or registered mail, return receipt requested. \* \* \*.

"D.(3) **Particular defendants.** Service may be made upon specified defendants as follows:

"D.(3)(a) **Individuals.**

"D.(3)(a)(i) **Generally.** Upon an individual defendant, by personal service upon such defendant or an agent authorized by appointment or law to receive service of summons or, if defendant personally cannot be found at defendant's dwelling house or usual place of abode, then by substituted service or by office service upon such defendant or an agent authorized by appointment or law to receive service of summons." (Emphasis supplied.)

ORCP 7D(1) imposes a constitutional standard of "adequate notice," which is distinguished by the rule from "actual notice." In *Jordan v. Wiser,* 302 Or 50, 59 n 2, 726 P2d 365 (1986), the court quoted with approval this statement:

" 'First, it is true that Rule 7 does not eliminate the requirement that a summons in fact be served. Adequate service of a summons does not require that the defendant actually receive notice, but only that summons be served in a manner reasonably calculated to give notice.' \* \* \* Merrill, *Jurisdiction and Summons in Oregon* 140-41, § 2.01 (1986)."

■ If a method of service under ORCP 7D(2) is listed in ORCP 7D(3) as a method to serve a particular class of defendants, then compliance with that method is presumed to be service reasonably calculated to apprise the defendant of the

pendency of the action. Because service by mail is not provided for *individuals* in ORCP 7D(3)(a), no presumption arises here. *See Lake Oswego Review v. Steinkamp,* 298 Or 607, 613, 695 P2d 565 (1985).

■ Plaintiff argues that service by mail under the circumstances of this case was "reasonably calculated" to give notice to defendant. We disagree. The summons and complaint were not mailed by certified mail, return receipt requested, delivery restricted to addressee, as in *Lake Oswego Review v. Steinkamp, supra.* Plaintiff's letter could have been signed for by anyone. Additionally, mailing the summons and complaint to defendant's post office box while he was traveling did not reasonably insure that he would receive notice of the pendency of the claim in time to make an appearance. A default could have occurred before he picked up his mail.[4]

The dissent dwells on the laudable efforts of plaintiff to give notice to defendant by mailing copies of the summons and complaint to defendant's former attorney and to defendant in care of his relatives and by having a friend mail a summons and complaint to defendant. The dissent would apparently agree that none of those efforts standing alone was reasonably calculated to give notice. Combined they were not either. It follows that those efforts do not aid plaintiff's argument.

The dissent further focuses on the fact that, without opening them, defendant mailed back the envelopes sent to him in care of his relatives and then forwarded to his post office box. It implies that, because defendant may have been attempting to avoid service, plaintiff's efforts are adequate. That implication blurs the distinction between "actual

---

[4] According to postal regulations, when an article is mailed "certified," the carrier will leave a "notice of arrival," if the article cannot be delivered. If the article is not called for within five days, a second notice is issued. If the article is still not called for or its redelivery requested, it will be returned at the expiration of 15 days, unless a longer period has been requested by the sender. *Domestic Mail Manual* 486, § 912.55 (United States Post Office, December 18, 1988).

ORCP 7D(2)(d) provides that service by mail is complete three days after the mailing, if the address to which it is mailed is within this state, and seven days after mailing if the address to which it is mailed is outside of this state. ORCP 7C(2) requires a defendant to appear and defend within 30 days from the date service is complete.

notice" and the requirement that service be reasonably calculated to give a defendant notice, regardless of whether the defendant has actual notice. While sensitivity to the inference that this defendant intentionally attempted to avoid service is commendable, the dissenter would leave Oregon residents who are regularly out of state vulnerable to service of process and default because they did not receive service in time to appear. We conclude that the manner of mailing under the circumstances of this case was not reasonably calculated to apprise defendant of the pendency of the action.[5]

Affirmed.

**GRABER, P. J.,** dissenting.

I dissent. I would reverse on the ground that plaintiff obtained service on defendant.

The majority correctly notes that plaintiff is not entitled to a *presumption* that service was reasonably calculated to apprise defendant of the pendency of the action, *Lake Oswego Review v. Steinkamp,* 298 Or 607, 613, 695 P2d 565 (1985), but that plaintiff *could* serve defendant by means other than those specified in ORCP 7D(3)(a)(i) *if* those means are "reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." ORCP 7D(1); *Jordan v. Wiser,* 302 Or 50, 726 P2d 365 (1986). The majority errs in its application of those principles to the facts.

After making extensive efforts to locate defendant's

---

[5] ORCP 7G provides:

"Failure to comply with provisions of this rule relating to the form of summons, issuance of summons, and the person who may serve summons shall not affect the validity of service of summons or the existence of jurisdiction over the person, if the court determines that the defendant received actual notice of the substance and pendency of the action. The court may allow amendment to a summons, or affidavit or certificate of service of summons, and shall disregard any error in the content of or service of summons that does not materially prejudice the substantive rights of the party against whom summons was issued."

Although plaintiff does not rely on ORCP 7G or *Murray and Murray,* 88 Or App 143, 744 P2d 1005 (1987), we note that, because there was no service, neither sentence of ORCP 7G is applicable. *See Jordan v. Wiser, supra,* 302 Or at 58-60, 58-59 nn 6, 7.

address, plaintiff did several things. First, she mailed, by certified mail, return receipt requested, a summons and complaint to defendant at a Nevada post office box address that he had given to relatives and government agencies as a mailing address. Next, at plaintiff's request, a friend mailed another summons and complaint to defendant at the same address, by certified mail, return receipt requested. Both of those letters were returned "unclaimed."

Plaintiff also mailed copies of the summons and complaint tc *defendant* in care of his mother in Creswell, Oregon, and in care of the parties' daughter in Monrovia, California. Both of those envelopes reached defendant, who wrote "return to sender" on the envelopes and mailed them back.[1]

The majority incorrectly likens this case to *Jordan v. Wiser, supra,* where the purported server was a "self-starter," a "volunteer" whom the plaintiff had not authorized to effect service. 302 Or at 56-57. Here, however, plaintiff intended to serve defendant, sent two regular mailings and one certified mailing directly to defendant, using no intermediary, authorized a friend to act as her apparently willing "agent" in sending one certified mailing, and tried to serve defendant by additional means.[2] The majority asserts that mailing the summons and complaint to defendant in care of his mother and daughter was insufficient, because they "lacked the requisite intent and authorization." The record shows that plaintiff intended by that means to serve defendant and that the summons and complaint were sent directly to defendant *at the addresses of* the mother and daughter. The mere use of their addresses does not make them intermediaries like the one in *Jordan.*

I would conclude that service by mail under the circumstances of this case was "reasonably calculated" to give

---

[1] As the majority points out, "actual notice" is not the same as "adequate notice." Nonetheless, the fact that the summons and complaint reached defendant (but for his refusal to open the envelopes) suggests that the manner of sending them was "reasonably calculated" to give notice.

[2] Plaintiff also delivered a summons and complaint to an attorney who represented defendant on another matter, but plaintiff concedes that the attorney was not authorized to accept service for defendant in this case. Moreover, plaintiff tried to serve defendant personally, in Pasadena, California, at a time when she thought that he would be there, by using a process server, but the process server was unable to locate defendant.

notice to defendant. Therefore, plaintiff obtained service on defendant.