Argued and submitted April 7, 1998; resubmitted En Banc February 3, affirmed July 21, 1999, petition for review allowed January 18, 2000 (329 Or 589)

# Lauren POST,
*Petitioner,*

*v.*

# SALEM-KEIZER SCHOOL DISTRICT
## and Fair Dismissal Appeals Board,
*Respondents.*

## (Agency No. 96-3; CA A98436)

987 P2d 530

Monica A. Smith argued the cause for petitioner. With her on the brief was Smith, Gamson, Diamond & Olney.

Nancy Hungerford argued the cause for respondent Salem-Keizer School District. With her on the brief were Andrea L. Hungerford and Bischof & Hungerford.

Richard D. Wasserman, Assistant Attorney General, waived appearance for respondent Fair Dismissal Appeals Board.

Before Deits, Chief Judge, and Edmonds, De Muniz, Landau, Haselton, Armstrong, Wollheim, and Brewer, Judges.

DE MUNIZ, J.

Wollheim, J., dissenting.

## DE MUNIZ, J.

Petitioner seeks judicial review of an order of the Fair Dismissal Appeals Board (FDAB) dismissing her appeal on the ground that it was not timely filed. We review for substantial evidence and errors of law, ORS 183.492(8), and affirm.

The Board's findings, supported by substantial evidence, show that in 1989 petitioner became a permanent part-time teacher with respondent Salem-Keizer School District (District). For the 1995-96 school year, petitioner accepted a contract for a temporary full-time position. Her contract specified that her status was temporary full-time and permanent part-time. On March 18, 1996, petitioner was notified by letter from the district superintendent that her contract as a temporary full-time teacher was not renewed. The letter stated, in part:

> "The District School Board, at its March 12, 1996 meeting, did not renew the contracts of temporary full-time teachers. * * * [Y]ou are hereby notified that your contract as a temporary full-time teacher was not renewed for the 1996-97 school year. You do, however, retain your status as a permanent part-time teacher."

Petitioner believed at that time that the District was complying with the law and took no action to appeal the decision within 10 days of receipt of the letter.

In June, petitioner spoke with her principal, who advised petitioner that she would need to apply for the temporary full-time position if it became available. After the position was advertised, petitioner applied. She was advised in August that she was not selected. On August 29, petitioner appealed the district's decision to dismiss her from the full-time position. She contended that the procedures for dismissal of permanent teachers set out in ORS 342.895 had not been followed and that there were no facts to establish any of the statutory grounds for dismissal set out in ORS 342.865 (1995).

ORS 342.895 (1995) provided:

"(1) Authority to dismiss a permanent teacher is vested in the district school board subject to the provisions of the fair dismissal procedures of ORS 342.805 to 342.934 and only after recommendation of the dismissal is given to the school district board by the superintendent.

"(2) At least 20 days before recommending to a board the dismissal of the permanent teacher, the district superintendent shall give written notice to the permanent teacher by certified mail or delivered in person of the intention to make a recommendation to dismiss the teacher. The notice shall set forth the statutory grounds upon which the superintendent believes such dismissal is justified, and shall contain a plain and concise statement of the facts relied on to support the statutory grounds for dismissal. If the statutory grounds specified are those specified in ORS 342.865 (1)(a), (c), (d), (g) or (h), then evidence shall be limited to those allegations supported by statements in the personnel file of the teacher on the date of the notice to recommend dismissal, maintained as required in ORS 342.850. Notice shall also be sent to the district school board and to the Fair Dismissal Appeals Board. A copy of ORS 342.805 to 342.934 shall also be sent to the permanent teacher.

"(3) If, after the 20-day notice required by subsection (2) of this section, the district school board takes action to approve the recommendation for dismissal from the superintendent, the dismissal takes effect on or after the date of the district school board's action, as specified by the board. Notice of the board's action shall be given to the permanent teacher as soon as practicable by certified mail, return receipt requested or in the manner provided by law for the service of a summons in a civil action."

ORS 342.905(1) (1995) provided:

"If the district school board dismisses the teacher, the teacher or the teacher's representative may appeal that decision to the Fair Dismissal Appeals Board established under ORS 342.930 by depositing by certified mail addressed to the Superintendent of Pubic Instruction and a copy to the superintendent of the school district within 10 days, as provided in ORS 174.120, after receipt of notice of

the district school board's decision, notice of appeal with a brief statement giving the reasons for the appeal."

It is undisputed that the District did not follow the procedures of ORS 342.895 (1995) in notifying petitioner of her dismissal from the temporary full-time position. The district contends, however, that it was not required to do so, because petitioner was not a permanent teacher subject to ORS 342.895 (1995). The District points out that petitioner's contract lists her as "temporary full-time" and "permanent part-time," and notes that, under ORS 342.845(2) (1995), "[t]he assignment of a permanent part-time teacher is not subject to the procedures specified in ORS 342.805 to 342.930." Petitioner responds that a different provision of ORS 342.845(2) (1995) applies here: "A permanent part-time teacher who accepts a full-time assignment shall be considered a permanent teacher for purposes of the assignment."

FDAB did not resolve the question whether petitioner was entitled to notice under ORS 342.895 (1995), because it concluded that the 10-day appeal period specified in ORS 342.905(1) (1995) begins to run "after receipt of notice of the district school board's decision," *id.*, regardless of whether the notice was given in the manner provided in ORS 342.895 (1995). FDAB concluded that petitioner had received actual notice of the school district board's decision in the March 18, 1996, letter quoted above and, therefore, concluded that petitioner's appeal was untimely.

On judicial review, petitioner does not dispute that an appeal to FDAB must be filed within 10 days of receipt of notice of the school district's decision but argues that, because the statutory procedures of ORS 342.895 (1995) were not followed, she never received an adequate notice of the school district's decision to trigger the running of the 10-day appeal period. The District responds that, because petitioner was not a "permanent" teacher for purposes of the Fair Dismissal Appeals statutes, FDAB correctly dismissed her appeal.

■   Regarding our scope of review of the questions presented, ORS 183.482(8) provides, in part:

"(a)  The court may affirm, reverse or remand the order. If the court finds that the agency .has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A)  Set aside or modify the order; or

"(B)  Remand the case to the agency for further action under a correct interpretation of the provision of law.

"(b)  The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A)  Outside the range of discretion delegated to the agency by law;

"(B)  Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C)  Otherwise in violation of a constitutional or statutory provision."

Petitioner suggests that we should look to whether FDAB's decision was inconsistent with prior agency practice, citing numerous FDAB cases. The District, on the other hand, suggests that FDAB's determination of when the 10-day appeal period began to run is essentially a matter of discretion. Both parties cite *Zollinger v. Warner*, 286 Or 19, 30, 593 P2d 1107 (1979), and make various arguments concerning the court's statement that "FDAB's construction of its enabling act is entitled to some weight."

In *Zollinger*, a mandamus case, the court considered whether this court had correctly ruled on the question of when a 20-day period for appeal to FDAB had begun to run, given that FDAB had not had the opportunity to decide the question in the first instance. *Id.* at 31-32. The court stated:

"[T]he Court of Appeals should have held that whether the time for appeal to the FDAB has elapsed was also a question for the FDAB and at this stage of the proceeding not a proper subject for the court's consideration. There may be all sorts of reasons why the FDAB might legitimately find it proper still to allow plaintiffs to appeal to it despite plaintiffs' actual knowledge of their demotions. As an illustration, the statute requires that they be served with a copy of the fair dismissal law. This requirement is obviously

designed, among other things, to inform demoted or dis-charged administrators of their appeal rights. This was not done. The FDAB should be given an opportunity to construe the procedural provisions, taking into consideration the employer-employee relationship in the school context, and to decide whether plaintiffs' appeal time has elapsed despite the school board's failure to comply with the statu-tory procedural protections." *Id*. at 32.

We read *Zollinger* to mean that this type of inquiry into the timeliness of an appeal to FDAB is a question of law that is to be informed by our consideration of the agency's interpretation of the relevant provisions. *See, e.g., Citizens Utility Bd. v. PUC*, 154 Or App 702, 714-15, 962 P2d 744 (1998) (discussing situations in which the court does not defer to agency interpretation, but does "giv[e] appropriate consideration and weight to the agency's interpretation"). We therefore frame the issue before us as whether "the agency has erroneously interpreted a provision of law." ORS 183.482(8)(a).

■   A preliminary question, and one that FDAB did not reach in this case, is whether petitioner is even entitled to appeal the District's decision to FDAB. We must consider this question because, if the District is correct that petitioner may not appeal the nonrenewal of her temporary teaching assign-ment to FDAB, then the case must be dismissed on jurisdic-tional grounds. If, on the other hand, petitioner was a "per-manent teacher" for purposes of ORS 342.895 (1995), then we must reach the question whether FDAB correctly concluded that her appeal was untimely. We believe that ORS chapter 342 (1995) is unambiguous on this point. ORS 342.513 (1995) provided that, when the contracts of teachers who are "not permanent teachers" are not renewed, the teachers' remedy is through a mandamus action, not through the FDAB. ORS 342.805 through ORS 342.934 (1995) comprised the "Fair Dismissal Law" and included the following definition:

" 'Permanent teacher' means any teacher who has been regularly employed by a fair dismissal district for a period of not less than three successive school years and who has been reelected by the district after the completion of such three-year period for the next succeeding school year."

ORS 342.845(2) (1995) provided, in part:

> "The assignment of a permanent part-time teacher is not subject to the procedures specified in ORS 342.805 to 342.930. A permanent part-time teacher who accepts a full-time assignment shall be considered a permanent teacher for purposes of the assignment."

The only plausible way to read the provisions together is to conclude that, although generally the assignment of a permanent part-time teacher does not fall within the ambit of the Fair Dismissal Law, there is an *exception* to this rule when a permanent part-time teacher accepts a full-time teaching assignment. For purposes of that full-time teaching assignment, the teacher "*shall* be considered a permanent teacher for purposes of this assignment." ORS 342.845 (1995) (emphasis added).

■     Petitioner is a permanent part-time teacher who accepted a full-time teaching assignment that was not renewed. For purposes of that nonrenewed full-time teaching assignment, petitioner was a "permanent teacher" under ORS 342.845. It therefore follows that she had a right to appeal to FDAB the decision not to renew her teaching contract. ORS 342.905 (1995).

The question, then, is whether FDAB correctly held that petitioner's appeal, filed on August 29, 1996, was untimely. As noted above, a permanent teacher who has been dismissed from an assignment has 10 days "after receipt of notice of the district school board's decision" to appeal to FDAB. ORS 342.905(1) (1995). Petitioner argues that she never received the "notice" referred to in ORS 342.905(1) (1995), because the notice she received that her full-time teaching assignment was not being renewed failed to comport with the requirements for notice, as set forth in ORS 342.895 (1995), *e.g.*, sent by certified mail or delivered in person, setting forth the statutory grounds for dismissal, enclosing a copy of the provisions of ORS 342.805 to ORS 342.934 (1995).

FDAB construed "notice of the district school board's decision," ORS 342.905(1) (1995), as referring to *actual* notice of the board's decision, rather than to notice that conformed

in every way to the statutory notice requirements of ORS 342.895 (1995). FDAB explained:

> "We conclude that notice of the school board decision occurred when appellant received the March 18 letter from the district superintendent. Any alleged deficiency in the notice needed to be raised by FDAB appeal within 10 days of the appellant's receipt of that letter. Although the district did not send the notice in order to comply with ORS 342.905, we find that the notice was adequate notice of dismissal for purposes of triggering an FDAB appeal."

In *Dunn v. Ashland School Dist. No. 5*, FDA 94-1, the FDAB found:

> " 'Furthermore, any noncompliance with the statute did not give Appellant more than 10 days to appeal, once he knew that he was dismissed. This board has ruled that where Fair Dismissal law procedures are not followed, a teacher still has only 10 days to appeal after the teacher receives information showing that he or she has, in fact, been terminated. *Sesock v. Eagle Point School District No. 9*, FDA 88-1 (1988); *Washington v. Portland School Dist No. 1*, FDA 85-4 (1985).' "

On appeal, petitioner contends that FDAB's decision is inconsistent with *McIntyre v. Umatilla Educational Service District*, FDA 82-12 (1982), in which FDAB held that the failure of a school district to give notice of dismissal could not deprive the dismissed teacher of the right to obtain review.

We disagree. We do not find FDAB's decisions on this subject to be inconsistent. In *McIntyre,* the petitioner contended that she had not received notice of the dismissal or a copy of the fair dismissal law. In its opinion on reconsideration in that case, FDAB said:

> "We do not believe the legislature under ORS 342.895 and 342.905 intended in cases where statutory requirements of notice of dismissal are not met that the ten-day limit should never apply despite all subsequent knowledge or awareness by the teacher of the dismissal action and her rights in connection therewith.
>
> "At some point in time, the teacher will receive notice of facts sufficient to put her *on inquiry* as to whether she has

been dismissed and, if so, what she must do to protect her rights." FDA 82-12 at 2 (emphasis in original).

FDAB went on to conclude that the 10-day appeal period "began to run *at least* by the time petitioner had recognized that the district's action was or could be a dismissal and had consulted her attorney with regard to protesting such action." *Id.* (emphasis in original).

In *Washington v. Portland School Dist. No. 1*, FDAB considered the timeliness of an appeal where the petitioner received oral notification that he would be reassigned, then later received a letter that clearly indicated that his reassignment was a demotion. FDA 85-4 at 3. Neither the oral notice nor the written notice complied with the relevant statutory requirements. FDAB described *McIntyre* as standing for the proposition that "where notice of dismissal is not given to a teacher the ten-day limit to appeal will, nevertheless, apply and that the ten days will begin to run when the teacher knows or contends that the school board has approved the dismissal." *Id.* at 9. FDAB concluded that the 10-day period did not begin to run from the date of oral notification but from the date that the petitioner received the letter. FDAB reasoned that, had the statutory notification procedures been followed, the petitioner would have had 10 days from the written notice to file an appeal and that the legislature could not have intended that the appeal rights of a teacher who had not received the appropriate notice be more curtailed than the appeal rights of those who did receive appropriate notice. FDAB concluded that "the language of the statute demonstrates an intent of the legislature that the written notice, not oral notice, triggers the running of the time to appeal a dismissal or demotion, at least where written notice of the action is sent to the teacher." *Id.* at 11-12.

Similarly, in *Sesock v. Eagle Point School District No. 9*, the petitioner received a letter notifying her that her employment was terminated effective at the end of the working day because her teaching certificate had lapsed. FDA 88-1 at 5. Neither the notice requirements nor the other procedural requirements of the law were followed in dismissing the petitioner. The petitioner understood that she had been terminated but assumed that she would be reinstated when

she obtained her new certificate. However, she found out about a week later that the school board did not intend to reinstate her. *Id.* at 6. She appealed several weeks later. In determining that the petitioner's appeal was untimely, FDAB elaborated on its rationale from *McIntyre* and also discussed at length the Oregon Supreme Court's discussion of this question in *Zollinger*. FDAB stated:

"The ten-day standard is, in our opinion, a reasonable amount of time for a teacher to do something about a dismissal. We do not believe that failure of the district to follow Fair Dismissal Law procedures, in and of itself, constitutes justification for favored treatment, namely, for granting teachers in such situations more than this reasonable amount of time to file an appeal, and we do not believe that the legislature intended such favored treatment. Our construction of the law in this regard is based, of course, on the understanding that the ten-day time does not begin to run until the teacher knows or has good reason to believe that he or she has been terminated and that the termination is or may be appealable as a dismissal under the Fair Dismissal law." *Id.* at 14.

FDAB then discussed the *Zollinger* court's mention of the requirement that a dismissed teacher be provided with a copy of the relevant statutes pertaining to appeal of the dismissal, noting that, in *Zollinger*, the appeal period was only five days. FDAB reasoned that, given the more expansive 10-day appeal period, failure to include the relevant statutes with the notification would not toll the 10-day appeal period: "As we have said, ten days is a reasonable amount of time for a teacher to do something about a dismissal and is ample time for the teacher to find out, if necessary, just what the time constraints are for getting an appeal in the mail." *Id.* at 16.

■     We conclude that FDAB has been consistent in its interpretation of the appeal provisions, holding that the period runs from the time the teacher receives actual written notice of dismissal, regardless of whether the statutory procedures for either the notice or the dismissal have been followed, and regardless of whether the district has complied with the requirement that the teacher be given a copy of the relevant statutory provisions explaining appeal rights.

We do not find FDAB's interpretation of ORS 342.905(1) (1995) to be erroneous. ORS 183.482(8)(a). The Oregon Supreme Court has clearly instructed that FDAB should construe the appeal provisions of ORS 342.905(1) "taking into consideration the employer-employee relationship in the school context." *Zollinger*, 286 Or at 32. FDAB has done so. It has concluded that, if a teacher receives actual written notice of dismissal, then the teacher is on inquiry notice of his or her appeal rights, even if the written notice of dismissal did not include copies of the relevant statutory provisions concerning appeal rights.

■        That conclusion is not inconsistent with the language of ORS 342.905(1) (1995), nor is it inconsistent with the apparent legislative intent not only that teachers receive adequate notice when their contracts are not renewed, but that appeals to FDAB be resolved in an expeditious manner. *See, e.g.*, ORS 342.905(3) (1995) (FDAB panel to consider appeal shall be appointed "as soon as possible after the time the notice of appeal is received"); ORS 342.905(5) (1995) (FDAB panel shall prepare report within 30 days of hearing, and may extend that time period no more than an additional 30 days under "unusual circumstances"). Under petitioner's suggested approach, on the other hand, either one or two anomalous results would inevitably occur: If the dismissed teacher's written notice was deficient in any way, then either no appeal could ever be taken to FDAB because nothing would ever "trigger" the appeal provisions of ORS 342.905(1) (1995), or the appeal period would be tolled indefinitely, until the teacher felt like pursuing the matter. Neither of those results can be squared with the apparent intent of the legislature to require quick resolution of situations involving dismissal of permanent teachers. We conclude that FDAB correctly determined that actual written notice of a district's dismissal of a teacher is sufficient to trigger the 10-day appeal limitations period of ORS 342.905(1), regardless of whether the notice comports in every way with other statutory requirements.

Affirmed.

**WOLLHEIM, J.,** dissenting.

The majority allows the FDAB to avoid a difficult question: must the agency follow the law? I believe it should and, therefore, respectfully dissent.

On appeal, petitioner's primary argument is this:

"The procedures contained in ORS 342.895 focus on giving the affected teacher two categories of information: (1) the nature of the action that the school district is taking or has taken, along with the reasons therefore; *and (2) notice of the teacher's rights under the law, including the very short ten day timeline for appeal.* When the requirements of ORS 342.905 are followed, a teacher has at least 30 days to pursue a FDAB appeal, *as well as the statutory explanation of how to do so.*" (Emphasis added.)

The majority focuses on the sufficiency of actual notice to petitioner, overlooking the fact that an explanation of the appeals process and appellant's rights, in addition to notice of dismissal, must be conveyed in order to comport with the statute. The omission of this critical element from the analysis of both the FDAB and the majority renders a portion of ORS 342.895 a nullity.

ORS 342.895 (1995) established school district procedures for nonrenewal of teaching contracts and dismissing contract teachers, as well as the processes for teachers to appeal those decisions. Section (2) of that statute read, in part:

"At least 20 days before recommending to a board the dismissal of the permanent teacher, the district superintendent shall give written notice to the permanent teacher by certified mail or delivered in person of the intention to make a recommendation to dismiss the teacher. The notice shall set forth the statutory grounds upon which the superintendent believes such dismissal is justified, and shall contain a plain and concise statement of the facts relied on to support the statutory grounds for dismissal. * * * Notice shall also be sent to the district school board and to the Fair Dismissal Appeals Board. *A copy of ORS 342.805 to* [ORS] *342.934 shall also be sent to the permanent teacher.*" (Emphasis added.)

In this context, notice of a permanent teacher's dismissal is more than a termination notice. It conveys the factual reasons for dismissal, the statutory underpinnings of the action and, most importantly, places a procedural road map in the hands of prospective appellants by providing them with a copy of applicable law. In deciding that actual notice is the lone *sine qua non* of appealability in this case, the majority renders impotent the explanatory component of ORS 342.895(2).[1] The legislature has declared that notice of a permanent teacher's dismissal must also inform the prospective appellant of the applicable law.[2] In construing that statute, we may not omit what the legislature has inserted. ORS 174.010. The majority errs by ignoring that requirement.

The majority emphasizes the great consistency with which the FDAB has decided this issue in the past. It is true that the FDAB has consistently found these statutory provisions to be of no consequence when, in its opinion, a petitioner has received actual notice of his or her dismissal. Agency consistency, however, is a factor only when we review an agency's action for abuse of discretion. ORS 183.482(8)(b)(B). Here, as the majority has already noted, our review is for errors of law. Taken in that light, this case, viewed together with the FDAB's similar decisions in the past, stands only for the proposition that the agency has gotten it wrong—*again*. Regarding matters of law, consistency cannot substitute for correctness.

---

[1] At times however, even actual notice can be insufficient. In *Jordan v. Wiser*, 302 Or 50, 58, 726 P2d 365 (1986), the Oregon Supreme Court held that in civil actions, actual notice of a complaint and summons was not enough to grant jurisdiction over a controversy when the service on a defendant was not made by an authorized agent of the plaintiff. A summons, the court declared, must be both served *and returned* in order to comport with ORCP requirement that parties be reasonably apprised of the existence and pendency of actions against them. In the case before us now, like *Jordan*, the law similarly requires more than actual notice; it requires that dismissed teachers receive a copy of their statutory appeal rights.

[2] There are circumstances where actual notice may be sufficient. For example, a school board might give a teacher written notice of a dismissal but fail to include a copy of ORS 342.805 to ORS 342.934. The next day, however, a superintendent hands the teacher a copy of the statutes. While such notice would not comply with the requirements of ORS 342.895(2) (1995), the FDAB could conclude that the teacher had sufficient actual notice of the statutory requirements such that the 10-day time to appeal would run from the receipt of a copy of the statute. There is no evidence in this record that petitioner ever received a copy of the pertinent statutes.

The majority also invokes *Zollinger v. Warner*, 286 Or 19, 32, 593 P2d 1107 (1979), apparently for the proposition that the Supreme Court has conferred some special mandate on the FDAB's construction of the statutes relevant here and to which, if we are smart, we should defer. 162 Or App at 25-26. *Zollinger* was a case where a school board unsuccessfully attempted to circumvent the FDAB and appeal a decision directly to this court. To the extent that the majority's interpretation of *Zollinger* stands for anything beyond the fact that the FDAB gets a chance to construe statutory language before its decision comes to this court for review, I respectfully disagree.

In sum, I believe the FDAB has avoided the hard procedural questions it was created to address and misinterpreted the Fair Dismissal Law in the process. For those reasons, I dissent.

Edmonds and Armstrong, JJ., join in this dissent.