Argued and submitted November 2, 2000, decision of Court of Appeals and order of Fair Dismissal Appeals Board reversed; case remanded to Fair Dismissal Appeals Board for further proceedings April 25, 2002

### Lauren POST,
*Petitioner on Review,*

*v.*

### SALEM-KEIZER SCHOOL DISTRICT
### and Fair Dismissal Appeals Board,
*Respondents on Review.*

### (FDA 96-3; CA A98436; SC S46780)

45 P3d 116

Monica A. Smith, of Smith, Gamson, Diamond & Olney, Portland, argued the cause and filed the brief for petitioner on review.

Nancy Hungerford, of The Hungerford Law Firm, West Linn, argued the cause for respondent on review Salem-Keizer School District. With her on the briefs was Andrea Hungerford.

No appearance on behalf of respondent on review Fair Dismissal Appeals Board.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, and Riggs, Justices.**

RIGGS, J.

---

** Van Hoomissen, J., retired December 31, 2000, and did not participate in the decision of this case; Kulongoski, J., resigned June 14, 2001, and did not participate in the decision of this case; De Muniz and Balmer, JJ., did not participate in the consideration or decision of this case.

**RIGGS, J.**

The issue presented in this proceeding is whether the Court of Appeals correctly affirmed an order of a three-member panel of the Fair Dismissal Appeals Board (FDAB) dismissing a teacher's appeal as untimely. We are called upon to decide whether, as FDAB and the Court of Appeals concluded, actual notice is sufficient to trigger the running of the period in which a teacher may appeal to FDAB. We conclude that FDAB improperly dismissed the appeal. We reverse the Court of Appeals' decision and the order of FDAB, and remand this case to FDAB for further proceedings.

The Salem-Keizer School District (district) employed petitioner as a permanent part-time teacher.[1] She accepted a year-long contract as a "temporary full-time" teacher for the 1995-96 school year, but retained her permanent part-time status. On March 18, 1996, petitioner was notified, by a letter from the district superintendent, that her contract as a temporary full-time teacher was not renewed. The letter stated that the district school board elected not to renew her temporary full-time contract at its March 12, 1996, meeting. The letter also informed petitioner that she retained her status as a permanent part-time teacher.

On August 29, 1996, petitioner sought review of the district's decision by FDAB. Petitioner alleged that she was a permanent full-time teacher, as defined under ORS 342.845(2) (1995),[2] that the nonrenewal of her temporary full-time contract amounted to a dismissal, and that she was entitled to the form of notice required by ORS 342.895(2) (1995).[3]

_____

[1] The legislature changed the term "permanent teacher" to "contract teacher" in 1997. Or Laws 1997, ch 864, § 12. Moreover, the legislature redrafted much of the Fair Dismissal Law, now the Accountability for Schools for the 21st Century Law, in 1997. Or Laws 1997, ch 864. Those statutory changes, however, do not affect our analysis in this case.

[2] ORS 342.845(2) (1995) provided, in part:

"A permanent part-time teacher who accepts a full-time assignment shall be considered a permanent teacher for purposes of the assignment."

[3] ORS 342.895(2) (1995) provided:

"At least 20 days before recommending to a board the dismissal of the permanent teacher, the district superintendent shall give written notice to the permanent teacher by certified mail or delivered in person of the intention to

■    ORS 342.895(2) (1995) set out the method for notifying a permanent teacher that the district superintendent intended to recommend his or her dismissal to the school board.[4] Under that statute, at least 20 days before recommending dismissal, the district superintendent was required to provide the teacher with the factual and statutory grounds for the recommendation, as well as copies of the statutes specifying the teacher's right to appeal. ORS 342.895(2) (1995). If the school board followed the superintendent's recommendation and dismissed the teacher, then notice of that action was sent to the teacher. ORS 342.895(3) (1995). Once the dismissed teacher received notice of the board's decision, ORS 342.905(1) (1995) provided that the teacher had 10 days in which to appeal.[5]

FDAB concluded that petitioner's appeal posed four questions:

"1.   In light of ORS 342.845(2) does FDAB have authority to review reassignment of a permanent part-time teacher to part-time work after that teacher had been previously given a temporary full-time assignment?

"2.   Is such a reduction in assignment a 'dismissal' for purposes of FDAB review?

---

make a recommendation to dismiss the teacher. The notice shall set forth the statutory grounds upon which the superintendent believes such dismissal is justified, and shall contain a plain and concise statement of the facts relied on to support the statutory grounds for dismissal. If the statutory grounds specified are those specified in ORS 342.865 (1)(a), (c), (d), (g) or (h), then evidence shall be limited to those allegations supported by statements in the personnel file of the teacher on the date of the notice to recommend dismissal, maintained as required in ORS 342.850. Notice shall also be sent to the district school board and to the Fair Dismissal Appeals Board. A copy of ORS 342.805 to 342.934 shall also be sent to the permanent teacher."

The legislature amended ORS 342.895 in 1997, and notice requirements virtually identical to those set out above now are set out in ORS 342.895(3)(a) (2001).

[4] Under ORS 342.845(2) (1995) "[t]he assignment of a permanent part-time teacher is not subject to the procedures specified in ORS 342.805 to 342.930."

[5] ORS 342.905(1) (1995) provided:

"If the district school board dismisses the teacher, the teacher or the teacher's representative may appeal that decision to the Fair Dismissal Appeals Board * * * by depositing by certified mail addressed to the Superintendent of Public Instruction * * * within 10 days * * * after receipt of notice of the district school board's decision, notice of appeal * * *."

"3.  What grounds are necessary or permitted for a district to reduce the assignment of a permanent part-time teacher who had been assigned temporary full-time work?

"4.  What triggers the 10-day appeal period to FDAB for a permanent part-time teacher, who had been assigned temporary full-time work, when the teacher is involuntarily reduced to part-time work and seeks FDAB review?"

FDAB resolved only the fourth question, determining that petitioner had received "actual notice" sufficient to trigger the 10-day deadline for appeals under ORS 342.905(1) (1995). Because more than six months had passed since petitioner received actual notice via the March 18, 1996, letter, FDAB dismissed her appeal.

On review, an en banc, divided Court of Appeals affirmed that order. *Post v. Salem-Keizer School District*, 162 Or App 15, 987 P2d 530 (1999). The Court of Appeals' majority first concluded that petitioner was a "permanent teacher." *Id.* at 22. Then, after examining prior FDAB orders, the majority determined that the receipt of "actual notice" was sufficient to trigger the 10-day limitation under ORS 342.905(1) (1995). *Id.* at 26. The dissent maintained that the procedures that the school district must have followed under ORS 342.895(2) (1995) provided a teacher with more than mere termination notice. *Post*, 162 Or App at 27 (Wollheim, J., dissenting). Thus, the dissent argued that, if the district must have provided only "actual notice," then ORS 342.895(2) (1995) is rendered a nullity. *Id.*

Petitioner contended before the FDAB and the Court of Appeals that she was a permanent full-time teacher under ORS 342.845(2) (1995). She maintained that the nonrenewal of her contract amounted to a dismissal and that she was therefore entitled to notice under ORS 342.895(2) (1995). The FDAB did not determine whether petitioner was a permanent full-time teacher, because it concluded that the "actual notice" that she received was sufficient to trigger the 10-day limitation on appeals under ORS 342.905(1) (1995) regardless of her status.

■ On review, we conclude that FDAB, and subsequently, the Court of Appeals' majority erroneously interpreted that statute. The 10-day limit set out for FDAB appeals in ORS 342.905(1) (1995) was, in fact, triggered only by formal notice of the school board's decision sent under ORS 342.895(3) (1995). The more complex notice required under ORS 342.895(2) (1995) was an additional prerequisite to school board action. That is so because, under ORS 342.895(1) (1995), the authority of the district school board to dismiss a permanent teacher was "subject to" compliance by the district school board and superintendent with the statutory dismissal procedures, including the requirements for notification of dismissal set out in ORS 342.895(2) *and* (3) (1995). *See* ORS 342.895(1) ("*Authority to dismiss* a permanent teacher is vested in the district school board *subject to* the provisions of the fair dismissal procedures of ORS 342.805 to 342.934 * * *."). (Emphasis added.)

The text of the pertinent statutes is clear. ORS 342.895(3) (1995) provided that:

> "[i]f, *after the 20-day notice required by subsection (2)* of this section, the district school board takes action to approve the recommendation for dismissal from the superintendent, the dismissal takes effect on or after the date of the district school board's action, as specified by the board."

ORS 342.895(3) (1995) (emphasis added). Hence, when the notice requirements of ORS 342.895(2) (1995) were not satisfied, the district school board could not take action to dismiss the teacher. In turn, ORS 342.905(1) (1995) could be triggered only "after receipt of notice of the district school board's decision." Thus, when a teacher was not provided with proper notice under ORS 342.895(2) (1995), the board could not act to dismiss that teacher under ORS 342.895(3) (1995), and, therefore, the 10-day limitation for appeals under ORS 342.905(1) (1995) would not begin to run.

■ It follows that, when presented with an appeal in which a dismissed teacher claims that he or she was a permanent full-time teacher who did not receive the notice required under ORS 342.895(2) and (3) (1995), FDAB could not dismiss the appeal solely because the 10-day limitation set out in ORS 342.905(1) (1995) had expired after delivery of

the noncomplying notice. The FDAB erred in doing so, and the Court of Appeals erred in affirming that action.[6] The matter must be remanded to FDAB for further proceedings. We leave it to FDAB, on remand, to resolve the remaining issues, possibly beginning with the potentially dispositive question whether petitioner was "dismissed" from her position as a "permanent full-time teacher" and, thus, was entitled to invoke the statutory procedures and protections that are owed to a person with that status.[7]

The decision of the Court of Appeals is reversed. The order of the Fair Dismissal Appeals Board is reversed, and the case is remanded to the Fair Dismissal Appeals Board for further proceedings.

---

[6] The court's suggestion in *Zollinger v. Warner*, 286 Or 19, 593 P2d 1107 (1979), that the FDAB should be given an opportunity to consider whether a defective notice of demotion might be efficacious was unaccompanied by an examination of any statutory wording regarding that matter and, in any event, was *dictum* expressed in the context of markedly distinguishable facts.

[7] As noted, the Court of Appeals purported to answer that question. *Post,* 162 Or App at 22. However, that determination was premature, in view of our disposition of the notice question, and we express no opinion on the issue. On remand, the FDAB is entitled in the first instance to draw its own conclusion on the issue, giving the analysis of the issue by the Court of Appeals' majority whatever weight that analysis merits.